# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **JUNE 2009**     **003633** |
| E-Filing Number: 0906040348 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CARRIE SUMMERVILLE | PROGRESSIVE SPECIALTY INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6042 CEDARHURST<br>PHILADELPHIA PA 19143 | 5000 WEST TILGHMAN STREET SUITE 300<br>ALLENTOWN PA 18104 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

10 - CONTRACTS OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br>JUN 25 2009<br>**E. HAURIN** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES     NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CARRIE SUMMERVILLE</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DANIEL M. JAFFE | 1500 WALNUT STREET<br>SUITE 1620<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)546-9500 | (215)546-9559 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 23229 | dmjaf@verizon.net |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *DANIEL JAFFE* | Thursday, June 25, 2009, 11:50 am |

FINAL COPY (Approved by the Prothonotary Clerk)

06/26/2009 08:24 FAX ☑ 003/067
08/25/2009 14:50 FAX 15709693019 ProgressiveCasInsCo ☑ 008/070
DANIEL M JAFFE ESQ PAGE 04/68

DANIEL M. JAFFE, ESQUIRE
Attorney I.D. No. 23229
1500 Walnut Street, Suite 1620
Philadelphia, PA 19102
(215) 546-9500
dmjaf@verizon.net

Attorney for Plaintiff

CARRIE SUMMERVILLE                    : COURT OF COMMON PLEAS
6042 Cedarhurst Street                : PHILADELPHIA COUNTY
Philadelphia, PA 19143                :
                        v.            :
PROGRESSIVE SPECIALTY INSURANCE COMPANY : TERM, 2009
5000 West Tilghman Street, Suite 300  :
Allentown, PA 18104                   : NO.

## COMPLAINT
### Civil Action

| NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HAVE QUE UN ABOGADO VAYA A O LLAME POR TELEFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACION SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACION SOMBRE LA AGENCIAS QUE LOS SERVICIOS JURIDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIR O NINGUN HONORARIO |
| LAWYER REFERENCE SERVICE One Reading Center 1101 Market Street Philadelphia, PA 19107 (215) 238-6333 | SERVICIO DE REFERENCIA LEGAL One Reading Center 1101 Market Street Filadelfia, Pennsylvania 19107 Telefono (215) 238-6333 |

Case ID: 090603633

06/26/2009 09:24 FAX                                                               Ø004/067

06/25/2009 14:50 FAX    15709893013        ProgressiveCasInsCo                    Ø007/070
06/25/2009  12:45    2155459553              DANIEL M JAFFE ESQ                      PAGE  05/68

DANIEL M. JAFFE, ESQUIRE
Attorney I.D. No. 23229
1500 Walnut Street, Suite 1620
Philadelphia, PA 19102
(215) 546-9500                               Attorney for Plaintiff
dmjaff@verizon.net

CARRIE SUMMERVILLE                           : COURT OF COMMON PLEAS
6042 Cedarhurst Street                       : PHILADELPHIA COUNTY
Philadelphia, PA 19143                       :
            v.                               :
PROGRESSIVE SPECIALTY INSURANCE COMPANY :           TERM, 2009
5000 West Tilghman Street, Suite 300         : NO.
Allentown, PA 18104

## COMPLAINT
### Civil Action

1.  Plaintiff Carrie Summerville is a citizen and resident of Pennsylvania residing therein
at 6042 Cedarhurst Street, Philadelphia, Pennsylvania 19143.

2.  The Defendant, Progressive Specialty Insurance Company, is a corporation authorized
to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania and
regularly conducts business in Philadelphia County, Pennsylvania.

3.  The events underlying the claim set forth herein occurred on or about November 22,
2007 at or about 4:51 p.m.

4.  At said time, Plaintiff was a passenger in a motor vehicle being operated by her sister,
Bertha Johnson, (hereinafter tortfeasor) in an eastwardly direction on Baltimore Avenue, at its
intersection with Union Avenue, Upper Darby Township, Delaware County, Pennsylvania when
it was caused to collide with a vehicle then and there being operated by Brahim Epps (hereinafter
tortfeastor) in a northwardly direction from South Union Avenue toward North Union Avenue at
the said intersection of Baltimore Avenue and Union Avenue, causing the vehicles to collide and
causing serious and permanent personal injuries to Plaintiff Carrie Summerville, which are more

Case ID: 090603633

06/26/2009 09:24 FAX                                                                      ☒ 005/067
06/25/2009 14:50 FAX   15709693013         ProgressiveCasInsCo                            ☒ 008/070
    06/25/2009  12:46   2159469559         DANIEL M JAFFE ESQ                             PAGE  06/68

particularly hereinafter set forth.

   5.  The violent collision between the Johnson vehicle and the Epps vehicle was exclusively the result of the negligence of tortfeasors, Bertha Johnson and Brahim Epps, and was due in no part to the action or inactions of Plaintiff Carrie Summerville.

   6.  A Civil Action has been commenced by Carrie Summerville against tortfeasors Bertha Johnson and Brahim Epps, in the Philadelphia County Court of Common Pleas at September Term, 2008, No. 04049.  This case is pending.  A copy of the filed Complaint is attached hereto and incorporated herein as Exhibit "A".

   7.  As a result of the said negligence and said collision,  Plaintiff Carrie Summerville sustained multiple injuries to her head, neck, back, chest, ribs, hip, pelvis, abdomen, and knees, their bones, cells, tissues, discs, nerves, muscles and functions, together with a severe shock to her nerves and nervous system, some or all of which Plaintiff has been advised are or may be permanent in nature.

   8.  As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

   9.  As a result of the aforesaid, Plaintiff has been obliged to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of her aforesaid injuries, and she may be obliged to expend such sums for an indefinite time into the future, to her great detriment and loss.

   10.  As a result of the aforesaid, Plaintiff has sustained a loss and depreciation of her earnings and/or earning power and she will continue to suffer such loss and depreciation for an indefinite time in the future, to her great detriment and loss.

Case ID: 090603633

06/26/2009 09:24 FAX

06/25/2009 14:50 FAX  15709893013      ProgressiveCasInsCo
06/25/2009  12:45      2155469559        DANIEL M JAFFE ESQ

☑006/067
☑009/070
PAGE  07/68

11. As a result of the aforesaid, Plaintiff has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

12. Plaintiff has exhausted her first party PIP coverage and medical bills have been paid or will be payable by Medicare and/or other public agencies who have and will assert a lien for said excess bills.

13. At the said time, Plaintiff was an insured under a motor vehicle insurance policy covering the Johnson vehicle in which she was a passenger, said policy having been issued by Defendant insurance company to Bertha Johnson, bearing policy no. 17407878-0. A true and correct copy of the Progressive Drive Insurance Company policy is attached hereto as Exhibit "B". A true and correct copy of the Declaration Page for policy no. 17407878-0 is attached as Exhibit "C".

14. Said contract of insurance obligated Defendant Progressive Specialty Insurance Company to pay underinsured motorist benefits up to a stated limit of $50,000.00 per person/$100,000.00 each accident.

15. Plaintiff has met and satisfied each and every condition set forth in said insurance policy which entitles her to the payment of underinsured motorist benefits.

16. Plaintiff has informed Defendant insurance company that she would accept the policy limit in satisfaction of her claim even though it was not sufficient to address the injuries and losses.

17. Defendant made an initial offer of $23,800.00, later increased to $25,000.00, but has refused to give Plaintiff consent to settle with the underinsured tortfeasor, Epps, thereby making the offer unacceptable and illusory.

Case ID: 090603633

18. Defendant has failed to offer any further amounts in satisfaction of its obligation in the policy and its obligation of good faith and fair dealing toward its insured as required by statute and otherwise.

19. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length.

### Count One
### Breach of Contract - Jury Trial Demanded

20. The Plaintiff has fully complied with all the terms, conditions and duties required under the Progressive Specialty Insurance policy.

21. Defendant Progressive Specialty Insurance Company has failed objectively and fairly to evaluation the Plaintiff's claim.

22. Defendant has failed promptly to offer payment of the reasonable and fair value of the claim to the Plaintiff.

23. Defendant has failed reasonably to investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained serious injuries as set forth hereinabove.

24. As the occupant in an insured's vehicle, Plaintiff is owed by Defendant Progressive Specialty Insurance Company a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

25. For the reasons set forth above, Defendant Progressive Specialty Insurance Company has violated its obligations under the policy of insurance.

Case ID: 090603633

06/26/2009 09:24 FAX

06/25/2009 14:51 FAX  15708893013          ProgressiveCasInsCo          ☒008/067
                                           DANIEL M JAFFE ESQ             ☒011/070
06/25/2009  12:45    2150469559                                          PAGE  09/58

WHEREFORE, the Plaintiff prays this Honorable Court to grant judgment in her favor and against the Defendant in an amount in excess of the amount requiring submission to arbitration.

### Count Two
### Bad Faith

26. The actions of Defendant Progressive Specialty Insurance Company in handling Plaintiff's underinsured motorist constitute bad faith as defined under 42 Pa.C.S.A. section 8371, including the following reasons:

    a.    Failing objective and fairly to evaluate Plaintiff's claim;

    b.    Failing objectively and fairly to re-evaluate Plaintiff's claim based on additional supplied information;

    c.    Engaging in dilatory and abusive claims handling;

    d.    Not attempting, in good faith, to effectuate a fair, prompt and equitable settlement of the underinsured motorist claim, in which the Defendant's liability under the policy is clear;

    e.    Subordinating the interests of its insured to its own financial monetary interest;

    f.    Failing promptly to offer fair and reasonable payment of the underinsured motorist claim;

    g.    Making an illusory offer by refusing to waive subrogation and give Plaintiff consent to settle with admittedly underinsured tortfeasor, Epps.

    h.    Failing to make an honest, intelligent and objective settlement offer;

    i.    Offering an inadequate settlement amount while expressing the belief that

Case ID: 090603633

06/26/2009 09:25 FAX

06/25/2009 14:51 FAX   15709693013
06/25/2009   12:45     2155469559

ProgressiveCasInsCo
DANIEL M JAFFE ESQ

☒009/067
☒012/070
PAGE   10/68

Plaintiff, who is 76 years old, was desperate for funds, the adjuster stating 'I thought [Plaintiff] wanted to get money quickly.'

j.     Causing Plaintiff to expend money on the presentation of her claim;

k.     Causing the Plaintiff to bear the stress and anxiety associated with litigation;

l.     Removing the arbitration clause from the policy of insurance without consideration causing Plaintiff to resort to civil litigation and thereby depriving Plaintiff of the cost savings and time savings of arbitration.

27. At all relevant times, Plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to her right to recover under the policy.

28. For the reasons set forth above, Defendant Progressive Specialty Insurance Company has violated the policy of insurance, its obligations as an insurer, has failed to act toward the Plaintiff in good faith and has violated 42 Pa.C.S.A. section 8371 for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the Court deems appropriate.

29. Defendant Progressive Specialty Insurance Company has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the Plaintiff, and is liable for its bad faith conduct.

WHEREFORE, the Plaintiff Carrie Summerville, demands judgment against Defendant Progressive Specialty Insurance Company and in her favor in an amount in excess of the arbitration limits for compensatory damages, punitive damages, interest, costs of suit, attorney's

Case ID: 090603633

06/26/2009 09:25 FAX                                                    ☒010/067

06/26/2009 14:51 FAX   15709693013        ProgressiveCasInsCo          ☒019/070
   06/25/2009  12:45      2155469559           DANIEL M JAFFE ESQ          PAGE  11/68

fees and other damages allowed by 42 Pa.C.S.A. section 8371.

DANIEL M. JAFFE, ESQUIRE
Attorney for Plaintiff

Dated:   6/25/09

06/26/2009 09:25 FAX

06/25/2009 14:51 FAX  15708898013        ProgressiveCasInsCo                011/067
  06/25/2009  12:45    2155469559              DANIEL M JAFFE ESQ           014/070
                                                                          PAGE  12/68

## VERIFICATION

I, Carrie Summerville, hereby state:

1. That I am Plaintiff in the within matter;

2. That I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and

3. That I understand that the statements made herein are subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_Carrie Summerville_
Carrie Summerville

Dated:  6/25/09

Case ID: 090603633

06/26/2009 09:25 FAX                                                           ☒012/067

06/25/2009 14:51 FAX  15709889019          ProgressiveCasInsCo                 ☒015/070
                                            DANIEL M JAFFE ESQ                  PAGE  13/68

    06/25/2009  13:45    2165469553

# EXHIBIT "A"

Case ID: 090603633

DANIEL M. JAFFE, ESQUIRE
Attorney I.D. No. 23229
1500 Walnut Street, Suite 1920
Philadelphia, PA 19102
(215) 546-9500
dmjaf@verizon.net                                    Attorney for Plaintiff

CARRIE SUMMERVILLE                        : COURT OF COMMON PLEAS
6042 Cedarhurst Street                    : PHILADELPHIA COUNTY
Philadelphia, PA 19143                    :
            v.                            :
BERTHA JOHNSON                            :           TERM, 2008
2112 N. 57th Street                       :
Philadelphia, PA 19131                    : NO.
       and                               :
BRAHIM EPPS                               :
1310 Alfred Drive, Apt. E                 :
Yeadon, PA 19050                          :

**ATTEST**

SEP 2 6 2008

**L. BRYANT**

**SEPTEMBER 2008**

F 04049

COMPLAINT
2V Negligence – Motor Vehicle

## NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

LAWYER REFERENCE SERVICE
One Reading Center
1101 Market Street
Philadelphia, PA 19107
(215) 238-6333

## "AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las p'aginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificati'n. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara' medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion Ademra's, la corte puded decidir a favor del demandante y requira que usted cumpla con todas las previsiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HAVE QUE UN ABOGADO VAYA A O LLAME POR TELEFONO La OFICINA DISPUESTA ABAJO, ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACION SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACION SOBRE I AGENCIAS QUE LOS SERVICIOS JURIDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUC O NINGUN HONORARIO

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Telefono (215) 238-6333

Case ID: 090603633

06/26/2009 09:25 FAX                                                    ☒ 014/087

06/25/2009 14:51 FAX  15709893013       ProgressiveCasInsCo            ☒ 017/070
    06/25/2009  12:45    2155469559       DANIEL M JAFFE ESQ           PAGE  15/68

DANIEL M. JAFFE, ESQUIRE
Attorney I.D. No. 23229
1500 Walnut Street, Suite 1920
Philadelphia, PA 19102
(215) 546-9500
dmjaf@verizon.net                              Attorney for Plaintiff

CARRIE SUMMERVILLE                        : COURT OF COMMON PLEAS
6042 Cedarhurst Street                    : PHILADELPHIA COUNTY
Philadelphia, PA 19143                    :
              v.                          :
BERTHA JOHNSON                            :              TERM, 2008
2112 N. 57th Street                       : NO.
Philadelphia, PA 19131                    :
            and
BRAHIM EPPS
1310 Alfred Drive, Apt. E
Yeadon, PA 19050

## COMPLAINT
### Civil Action

1. Plaintiff Carrie Summerville is a citizen and resident of Pennsylvania residing therein at 6042 Cedarhurst Street, Philadelphia, Pennsylvania 19143.

2. Defendant Bertha Johnson is a citizen and resident of Pennsylvania, residing therein at 2112 N. 57th Street, Philadelphia, PA 19131.

3. Defendant Brahim Epps is a citizen and resident of Pennsylvania residing therein at 1310 Alfred Drive, Apartment E, Yeadon, PA 19050.

4. At all times material to to Plaintiff's cause of action, Defendant Bertha Johnson was the owner, operator, possessor, maintainer and in control of a motor vehicle then and there being operated by said Defendant.

5. At all times material to to Plaintiff's cause of action, Defendant Brahim Epps was the owner, operator, possessor, maintainer and in control of a motor vehicle then and there being operated by said Defendant.

Case ID: 090603633

06/26/2009 09:25 FAX                                                    015/067

06/25/2009 14:51 FAX    15709893013        ProgressiveCasInsCo           018/070
  06/25/2009 12:45    2155469559          DANIEL M JAFFE ESQ             PAGE  16/68

6. On or about November 22, 2007 at or about 4:51 p.m., Plaintiff Carrie Summerville was a passenger in a motor vehicle being operated by Defendant Bertha Johnson in a negligent and careless manner in an eastwardly direction on Baltimore Avenue, at its intersection with Union Avenue, Upper Darby Township, Delaware County, Pennsylvania, when it was caused to collide with a vehicle being operated in a negligent and careless manner by Defendant Brahim Epps, in a northwardly direction from S. Union Avenue toward N. Union Avenue at the said intersection of Baltimore Avenue and Union Avenue, causing the vehicles to collide and causing serious painful and permanent personal injuries to Plaintiff Carrie Summerville, which are more particularly hereinafter set forth.

7. The negligence of the Defendant Bertha Johnson on the date and time aforesaid consisted of but is not limited to the following:

(a)  failing to regard the rights, safety and position of Plaintiff at the point aforesaid;

(b)  failing to take due note of the point and position of all vehicles at the intersection at the point aforesaid;

(c)  failing to have said vehicle under proper and adequate control;

(d)  operating said vehicle at a high and excessive rate of speed under the circumstances;

(e)  failing to look where she was going;

(f)  failing to yield the right of way;

(g)  entering an intersection against a red light;

(h)  entering an intersection without first having made certain that she could enter the intersection safely;

Case ID: 090603633

06/26/2009 09:25 FAX                                                    ☒016/067
06/25/2009 14:51 FAX   15708693019    ProgressiveCasInsCo               ☒019/070
    06/25/2009  12:45    2155469569    DANIEL M JAFFE ESQ                PAGE  17/68

10. Plaintiff is entitled to application of the full tort election as a matter of law.

11. All of the averments contained in the foregoing paragraphs are incorporated into the following Counts as though set forth therein fully and at length:

## Count One
### Carrie Summerville v. Bertha Johnson and Brahim Epps

12. As a result of the accident aforesaid, Plaintiff sustained multiple injuries to her head, neck, back, chest, ribs, hip, pelvis, abdomen, and knees, their bones, cells, tissues, discs, nerves, muscles and functions, together with a severe shock to her nerves and nervous system, some or all of which Plaintiff has been advised are or may be permanent in nature.

13. As a result of the aforesaid, Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

14. As a result of the aforesaid, Plaintiff has been obliged to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of her aforesaid injuries, and she may be obliged to expend such sums for an indefinite time into the future, to her great detriment and loss.

15. As a result of the aforesaid, Plaintiff has sustained a loss and depreciation of her earnings and/or earning power and she will continue to suffer such loss and depreciation for an indefinite time in the future, to her great detriment and loss.

16. As a result of the aforesaid, Plaintiff has been unable to attend to her usual and daily duties and occupation and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

Case ID: 090603633

08/26/2009 09:25 FAX                                                      ☑ 017/067

08/25/2009 14:52 FAX  15708693013      ProgressiveCasInsCo              ☑ 020/070
                                       DANIEL M JAFFE ESQ               PAGE  18/68
  06/25/2009  12:45    2155469559

17. Plaintiff has exhausted her first party PIP coverage and medical bills have been paid

or will be payable by Medicare and/or other public agencies who will assert a lien for said excess

bills.

WHEREFORE, the Plaintiff demands judgment in her favor in an amount in excess of the

amount requiring submission to arbitration.

DANIEL M. JAFFE, ESQUIRE
Attorney for Plaintiff

Dated: _9/26/08_

Case ID: 090603633

06/26/2009 09:25 FAX                                                    ☑ 018/067

08/25/2009 14:52 FAX   15708683013        ProgressiveCasInsCo          ☑ 021/070
                                          DANIEL M JAFFE ESQ            PAGE  19/6A

## VERIFICATION

I, Carrie Summerville, hereby state:

1.    That I am Plaintiff in the within matter;

2.    That I verify that the statements made in the foregoing Complaint are true and correct

to the best of my knowledge, information and belief; and

3.    That I understand that the statements made herein are subject to the penalties of 18

Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_Carrie Summerville_
Carrie Summerville

Dated: _9/11/08_

Case ID: 090603633

06/26/2009 09:26 FAX                                                      019/067

08/25/2009 14:52 FAX  15709893018        ProgressiveCasInsCo              022/070
    05/25/2009  12:45    2155469559          DANIEL M JAFFE ESQ           PAGE  28/58

# EXHIBIT "B"

Case ID: 090603633

06/28/2009 09:26 FAX                                                    020/067

06/25/2009 14:52 FAX   15709693013         ProgressiveCasInsCo          029/070
                                          DANIEL M JAFFE ESQ            PAGE  21/69

06/25/2009  17:45      2155469559



# PENNSYLVANIA
## AUTO POLICY



**PROGRESSIVE**
DRIVE Insurance

Case ID: 090603633

06/26/2009 09:26 FAX                                                    ☑ 021/067

06/25/2009 14:52 FAX  15708889018        ProgressiveCasInsCo            ☑ 024/070
  06/25/2009 12:45    2155469559         DANIEL M JAFFE ESQ             PAGE  22/56

## CONTENTS

NSURING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SENERAL DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PART I - LIABILITY TO OTHERS
  Insuring Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  Additional Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
  Additional Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
  Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
  Limits of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
  Financial Responsibility Laws . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
  Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
  Out-of-State Coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PART II - FIRST PARTY BENEFITS COVERAGE
  Insuring Agreement - First Party Benefits Coverage . . . . . . . . . . . . . . . . 6
  Insuring Agreement - Combination First Party Benefits Coverage . . . . . . . . . . 6
  Insuring Agreement - Extraordinary Medical Benefits Coverage . . . . . . . . . . 6
  Additional Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
  Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
  Limits of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
  Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
  Priority of Policies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PART III - UNINSURED/UNDERINSURED MOTORIST COVERAGE
  Insuring Agreement - Uninsured Motorist Coverage . . . . . . . . . . . . . . . . 11
  Insuring Agreement - Underinsured Motorist Coverage . . . . . . . . . . . . . . . . 11
  Additional Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
  Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
  Limits of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
  Other Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Case ID: 090603633

06/26/2009 09:26 FAX                                                           ☑ 022/087

08/25/2009 14:52 FAX   15708893018          ProgressiveCasInsCo               ☑ 025/070
                                            DANIEL M JAFFE ESQ                 PAGE   23/68

06/25/2009  12:45    2155469559

**PART IV - DAMAGE TO A VEHICLE**
Insuring Agreement - Collision Coverage ..................................... 16
Insuring Agreement - Comprehensive Coverage ............................... 16
Insuring Agreement - Additional Custom Parts or Equipment Coverage ...... 17
Insuring Agreement - Rental Reimbursement Coverage ....................... 17
Insuring Agreement - Loan/Lease Payoff Coverage .......................... 18
Additional Definitions ..................................................... 18
Exclusions ................................................................ 19
Limits of Liability ........................................................ 20
Payment of Loss ........................................................... 21
No Benefit to Bailee ...................................................... 21
Loss Payable Clause ....................................................... 22
Other Sources of Recovery ................................................. 22
Appraisal ................................................................. 22

**PART V - ROADSIDE ASSISTANCE COVERAGE**
Insuring Agreement ........................................................ 23
Additional Definitions .................................................... 23
Exclusions ................................................................ 23
Unauthorized Service Provider ............................................. 24
Other Insurance ........................................................... 24

**PART VI - DUTIES IN CASE OF AN ACCIDENT OR LOSS** ................. 24

**PART VII - GENERAL PROVISIONS**
Policy Period and Territory ................................................ 25
Changes ................................................................... 25
Duty to Report Changes .................................................... 26
Settlement of Claims ...................................................... 26
Terms of Policy Conformed to Statutes ..................................... 26
Transfer .................................................................. 26
Fraud or Misrepresentation ................................................ 27
Payment of Premium and Fees ............................................... 27
Cancellation .............................................................. 27
Cancellation Refund ....................................................... 28
Nonrenewal ................................................................ 28
Automatic Termination ..................................................... 29
Legal Action Against Us ................................................... 29
Our Rights to Recover Payment ............................................. 29
Joint and Individual Interests ............................................ 30
Bankruptcy ................................................................ 30

ii

Case ID: 090603633

06/26/2009 09:26 FAX

05/25/2009 14:52 FAX  15709893013        ProgressiveCasInsCo
      06/26/2009  12:45    2155469559           DANIEL M JAFFE ESQ

☑ 023/067
☑ 026/070
PAGE  24/68

## PENNSYLVANIA AUTO POLICY

### INSURING AGREEMENT

In return for your payment of the premium, we agree to insure you subject to all the terms, conditions, and limitations of this policy. We will insure you for the coverages and the limits of liability shown on this policy's declarations page. Your policy consists of the policy contract, your insurance application, the declarations page, and all endorsements to this policy.

### GENERAL DEFINITIONS

The following definitions apply throughout the policy. Defined terms are printed in boldface type and have the same meaning whether in the singular, plural, or any other form.

1.  "Additional auto" means an auto you become the owner of during the policy period that does not permanently replace an auto shown on the declarations page if:
    a.   we insure all other autos you own;
    b.   the additional auto is not covered by any other insurance policy;
    c.   you notify us within 30 days of becoming the owner of the additional auto; and
    d.   you pay any additional premium due.
    An additional auto will have the broadest coverage we provide for any auto shown on the declarations page. If you ask us to insure an additional auto more than 30 days after you become the owner, any coverage we provide will begin at the time you request coverage.
2.  "Auto" means a land motor vehicle:
    a.   of the private passenger, pickup body, or cargo van type;
    b.   designed for operation principally upon public roads;
    c.   with at least four wheels; and
    d.   with a gross vehicle weight rating of 12,000 pounds or less, according to the manufacturer's specifications.
    However, "auto" does not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area.
3.  "Auto business" means the business of selling, leasing, repairing, parking, storing, servicing, delivering, or testing vehicles.
4.  "Bodily injury" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.
5.  "Covered auto" means:
    a.   any auto or trailer shown on the declarations page for the coverages applicable to that auto or trailer;
    b.   any additional auto;
    c.   any replacement auto; or
    d.   a trailer owned by you.

1

Case ID: 090603633

06/26/2009 09:26 FAX                                         024/067

06/25/2009 14:52 FAX  15709893013     ProgressiveCasInsCo           027/070
    06/25/2009  12:45   2155469559      DANIEL M JAFFE ESQ        PAGE  25/68

6. "Declarations page" means the document showing your coverages, limits of liability, covered autos, premium, and other policy-related information. The declarations page may also be referred to as the Auto Insurance Coverage Summary.
7. "Occupying" means in, on, entering, or exiting.
8. "Property damage" means physical damage to, destruction of, or loss of use of, tangible property.
9. "Relative" means:
   a. a person residing in the same household as you, and related to you by blood, marriage, or adoption, and includes a ward, stepchild, or foster child;
   b. a minor child in the custody of:
      (i) you; or
      (ii) a person residing in your household who is related to you; and
   c. your unmarried dependent children who are temporarily away from home if they intend to continue to reside in your household.
10. "Replacement auto" means an auto that permanently replaces an auto shown on the declarations page. A replacement auto will have the same coverage as the auto it replaces if the replacement auto is not covered by any other insurance policy. However, if the auto being replaced had coverage under Part IV - Damage To A Vehicle, such coverage will apply to the replacement auto only during the first 30 days after you become the owner unless you notify us within that 30-day period that you want us to extend coverage beyond the initial 30 days. If the auto being replaced did not have coverage under Part IV - Damage To A Vehicle, such coverage may be added, but the replacement auto will have no coverage under Part IV until you notify us of the replacement auto and ask us to add the coverage.
11. "Trailer" means a non-motorized trailer, including a farm wagon or farm implement, designed to be towed on public roads by an auto and not being used:
   a. for commercial purposes;
   b. as an office, store, or for display purposes; or
   c. as a passenger conveyance.
12. "We", "us", and "our" mean the underwriting company providing the insurance, as shown on the declarations page.
13. "You" and "your" mean:
   a. a person shown as a named insured on the declarations page; and
   b. the spouse of a named insured if residing in the same household at the time of the loss.

## PART I - LIABILITY TO OTHERS

### INSURING AGREEMENT

If you pay the premium for this coverage, we will pay damages for bodily injury and property damage for which an insured person becomes legally responsible because of an accident.

We will settle or defend, at our option, any claim for damages covered by this Part I.

2

## ADDITIONAL DEFINITION

When used in this Part I:
"insured person" means:

1.  you or a relative with respect to an accident arising out of the ownership, maintenance, or use of an auto or trailer;
2.  any person with respect to an accident arising out of that person's use of a covered auto with the permission of you or a relative;
3.  any person or organization with respect only to vicarious liability for the acts or omissions of a person described in 1. or 2. above; and
4.  any Additional Interest shown on the declarations page with respect only to its liability for the acts or omissions of a person described in 1. or 2. above.

## ADDITIONAL PAYMENTS

In addition to our limit of liability, we will pay for an insured person:

1.  all expenses we incur in the settlement of any claim or defense of any lawsuit;
2.  the premium on any appeal bond or attachment bond required in any lawsuit we defend. We have no duty to purchase a bond in an amount exceeding our limit of liability, and we have no duty to apply for or furnish these bonds;
3.  up to $250 for a bail bond required because of an accident resulting in bodily injury or property damage covered under this Part I. We have no duty to apply for or furnish this bond; and
4.  reasonable expenses, including loss of earnings up to $200 per day, incurred at our request.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.

Coverage under this Part I, including our duty to defend, will not apply to any insured person for:

1.  bodily injury or property damage arising out of the ownership, maintenance, or use of any vehicle or trailer while being used to carry persons or property for compensation or a fee, including, but not limited to, pickup or delivery of magazines, newspapers, food, or any other products. This exclusion does not apply to shared-expense car pools;
2.  any liability assumed under any contract or agreement by you or a relative;
3.  bodily injury to an employee of that insured person arising out of or within the course of employment. This exclusion does not apply to domestic employees if benefits are neither paid nor required to be provided under workers' compensation, disability benefits, or similar laws;
4.  bodily injury or property damage arising out of an accident involving any vehicle while being maintained or used by a person while employed or engaged in any auto business. This exclusion does not apply to you, a relative, or an agent or employee of you or a relative, when using a covered auto;

3

Case ID: 090603633

06/26/2009 09:26 FAX                                                           ☒ 026/067

06/25/2009 14:59 FAX    15709893013    ProgressiveCasInsCo              ☒ 029/070
   06/26/2009  12:45    2155469559      DANIEL M JAFFE ESQ              PAGE  27/68

5.  bodily injury or property damage resulting from, or sustained during practice or preparation for:
    a.  any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
    b.  any driving activity conducted on a permanent or temporary racetrack or race-course;

6.  bodily injury or property damage due to a nuclear reaction or radiation;

7.  bodily injury or property damage for which insurance:
    a.  is afforded under a nuclear energy liability insurance contract; or
    b.  would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

8.  any obligation for which the United States Government is liable under the Federal Tort Claims Act;

9.  bodily injury or property damage caused by an intentional act of that insured person, or at the direction of that insured person, even if the actual injury or damage is different than that which was intended or expected;

10. property damage to any property owned by, rented to, being transported by, used by, or in the charge of that insured person. This exclusion does not apply to a rented residence or a rented garage;

11. bodily injury or property damage arising out of the ownership, maintenance, or use of any vehicle owned by you or furnished or available for your regular use, other than a covered auto for which this coverage has been purchased;

12. bodily injury or property damage arising out of the ownership, maintenance, or use of any vehicle owned by a relative or furnished or available for the regular use of a relative, other than a covered auto for which this coverage has been purchased. This exclusion does not apply to your maintenance or use of such vehicle;

13. bodily injury or property damage arising out of your or a relative's use of a vehicle, other than a covered auto, without the permission of the owner of the vehicle or the person in lawful possession of the vehicle;

14. bodily injury or property damage arising out of the use of a covered auto while leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of a covered auto by you or a relative;

15. punitive or exemplary damages; or

16. bodily injury or property damage caused by, or reasonably expected to result from, a criminal act or omission of that insured person. This exclusion applies regardless of whether that insured person is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

## LIMITS OF LIABILITY

The limit of liability shown on the declarations page for liability coverage is the most we will pay regardless of the number of:

1.  claims made;
2.  covered autos;
3.  insured persons;
4.  lawsuits brought;

4

Case ID: 090603633

5.  vehicles involved in the accident; or
6.  premiums paid.

If your declarations page shows a split limit:
1.  the amount shown for "each person" is the most we will pay for all damages due
    to bodily injury to one person resulting from any one accident;
2.  subject to the "each person" limit, the amount shown for "each accident" is the
    most we will pay for all damages due to bodily injury sustained by two or more
    persons in any one accident; and
3.  the amount shown for "property damage" is the most we will pay for the total of all
    property damage resulting from any one accident.

The "each person" limit of liability applies to the total of all claims made for bodily
injury to a person and all claims of others derived from such bodily injury, in-
cluding, but not limited to, emotional injury or mental anguish resulting from the
bodily injury of another or from witnessing the bodily injury to another, loss of
society, loss of companionship, loss of services, loss of consortium, and wrong-
ful death.

If the declarations page shows that "combined single limit" or "CSL" applies, the
amount shown is the most we will pay for the total of all damages resulting from any
one accident. However, without changing this limit of liability, we will comply with any
law that requires us to provide any separate limits.

No one is entitled to duplicate payments for the same elements of damages.

Any payment to a person under this Part I will be reduced by any payment to that per-
son under Part III - Uninsured/Underinsured Motorist Coverage.

If multiple auto policies issued by us are in effect for you, we will pay no more than the
highest limit of liability for this coverage available under any one policy.

An auto and attached trailer are considered one auto. Therefore, the limits of liability
will not be increased for an accident involving an auto that has an attached trailer.

## FINANCIAL RESPONSIBILITY LAWS

When we certify this policy as proof of financial responsibility, this policy will com-
ply with the law to the extent required. The insured person must reimburse us if we
make a payment that we would not have made if this policy was not certified as proof
of financial responsibility.

## OTHER INSURANCE

If there is any other applicable liability insurance or bond, we will pay only our share of the
damages. Our share is the proportion that our limit of liability bears to the total of all appli-

5

Case ID: 090603633

06/26/2009 09:27 FAX                                                                    ☑ 028/067

08/25/2009 14:58 FAX  15709883013        ProgressiveCasInsCo            ☑ 031/070
06/25/2009  12:05    2155465554          DANIEL M JAFFE ESQ             PAGE  29/68

cable limits. However, any insurance we provide for a vehicle or trailer, other than a covered auto, will be excess over any other collectible insurance, self-insurance, or bond.

## OUT-OF-STATE COVERAGE

If an accident to which this Part I applies occurs in any state, territory, or possession of the United States of America or any province or territory of Canada, other than the one in which a covered auto is principally garaged, and the state, province, territory, or possession has:

1. a financial responsibility or similar law requiring limits of liability for bodily injury or property damage higher than the limits shown on the declarations page, this policy will provide the higher limits; or
2. a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an auto in that state, province, territory, or possession, this policy will provide the greater of:
   a. the required minimum amounts and types of coverage; or
   b. the limits of liability under this policy.

### PART II - FIRST PARTY BENEFITS COVERAGE

## INSURING AGREEMENT - FIRST PARTY BENEFITS COVERAGE

If you pay the premium for this coverage, we will pay the following First Party Benefits, subject to the limit of liability shown on your declarations page, for loss or expense sustained by an insured person because of bodily injury caused by an accident and arising out of the maintenance or use of a motor vehicle:

1. medical expenses;
2. income loss;
3. funeral benefit; and
4. accidental death benefit.

## INSURING AGREEMENT - COMBINATION FIRST PARTY BENEFITS COVERAGE

If you pay the premium for this coverage, we will pay medical expenses, income loss, funeral benefit, and accidental death benefit, subject to the combined single limit of liability shown on your declarations page, for each insured person who sustains bodily injury caused by an accident and arising out of the maintenance or use of a motor vehicle. Subject to the combined single limit of liability, the most we will pay as the funeral benefit for an insured person is $2,500, and the most we will pay as the accidental death benefit for an insured person is $25,000. We will only pay for expenses or loss incurred within three years from the date of the accident.

## INSURING AGREEMENT - EXTRAORDINARY MEDICAL BENEFITS COVERAGE

If you pay the premium for this coverage, subject to the limit of liability shown on your declarations page, we will pay medical expenses incurred by an insured person in

Case ID: 090603633

excess of the aggregate of $100,000 that result from bodily injury caused by an accident and arising out of the maintenance or use of a motor vehicle, subject to the following:

1. The limit of liability shown on the declarations page for Extraordinary Medical Benefits Coverage is the most we will pay for medical expenses incurred by an insured person as the result of an accident to which this Extraordinary Medical Benefits Coverage applies, and is subject to the following additional limits:

   a. an annual limit of $50,000 for medical expenses incurred by an insured person; and

   b. a lifetime aggregate limit of $1,000,000 for medical expenses incurred by an insured person.

   However, the $50,000 annual limit shall not apply to medical expenses covered by Extraordinary Medical Benefits Coverage that are incurred during the first 18 months of eligibility.

2. Any amounts payable by us as Extraordinary Medical Benefits will be excess to any amounts available to an insured person for medical expense under any First Party Benefits Coverage provided in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law.

3. If an insured person is eligible for Extraordinary Medical Benefits Coverage and is also eligible for benefits under the Pennsylvania Catastrophic Loss Trust Fund, the combined total recovery under Extraordinary Medical Benefits Coverage and the Pennsylvania Catastrophic Loss Trust Fund for medical expenses incurred by an insured person as the result of an accident shall not exceed $1,000,000.

## ADDITIONAL DEFINITIONS

When used in this Part II:

1. "Accidental death benefit" means a death benefit paid to the personal representative of the insured person, should injury caused by a motor vehicle accident result in death within 24 months from the date of the accident.

2. "Funeral benefit" means the reasonable and necessary expenses directly related to the funeral, burial, cremation, or other form of disposition of the remains of a deceased insured person, incurred due to the death of the insured person if death:

   a. results from a motor vehicle accident; and

   b. occurs within 24 months from the date of the accident.

3. "Income loss" means 80% of actual loss of gross income of an insured person. It also includes reasonable expenses actually incurred for:

   a. hiring a substitute to perform services the insured person would have performed in connection with self-employment, in order to mitigate or reduce loss of gross income; or

   b. hiring special help to enable the insured person to work and mitigate loss of gross income.

   We will not pay for "income loss" for:

   a. loss of income during any period following the death of an insured person;

   b. expenses incurred for services performed following the death of an insured person; or

7

Case ID: 090603633

06/26/2009 09:27 FAX                                              030/087

06/25/2009 14:59 FAX  15709693013    · ProgressiveCasInsCo        033/070
06/25/2009  12.45   2155465559       DANIEL M JAFFE ESQ           PAGE  31/68

    c.  any loss of income during the first five days the insured person did not work after the accident due to the bodily injury caused by the accident.

4.  "Insured person" means:

    a.  with respect to medical expenses, income loss, and funeral benefit:

      (i)  you or any relative; and

      (ii)  any other person:

        (a)  while occupying your covered auto with the express or implied permission of you or a relative; or

        (b)  while not occupying a motor vehicle if injured as a result of an accident which occurs in Pennsylvania involving your covered auto. This does not apply if your covered auto is parked and unoccupied at the time of the accident unless it was parked in a manner as to create an unreasonable risk of injury; and

    b.  with respect to an accidental death benefit, you or any relative.

5.  "Medical expense" means the reasonable charge for necessary medical treatment and rehabilitative services, including, but not limited to:

    a.  hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, and nursing services;

    b.  licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology therapy, and optometric services; and

    c.  medications, medical supplies, and prosthetic devices;

all without limitation as to time, provided that, within 18 months from the date of the accident causing bodily injury, it is ascertainable, with reasonable medical probability, that further medical expense may be incurred as a result of the bodily injury. "Medical expense" may include any non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing.

6  "Motor vehicle" means a self-propelled vehicle, operated or designed for use upon public roads. However, motor vehicle does not include a vehicle operated:

    a.  by muscular power; or

    b.  on rails or tracks.

7.  "Your covered auto" means a motor vehicle for which you have purchased:

    a.  Part I - Liability To Others Coverage if the motor vehicle is:

      (i)  owned by you; or

      (ii)  shown on the declarations page; and

    b.  First Party Benefits Coverage as required under the Pennsylvania Motor Vehicle Financial Responsibility Law.

**EXCLUSIONS** - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART II.

We do not provide any First Party Benefits under this Part II for bodily injury:

1.  sustained by any person while intentionally causing or attempting to cause bodily injury to:

    a.  himself or herself; or

    b.  any other person;

8

2.  sustained by any person while committing a felony;
3.  sustained by any person while seeking to elude lawful apprehension or arrest by
    a law enforcement official;
4.  sustained by any person while maintaining or using a motor vehicle knowingly
    converted by that person. However, this exclusion does not apply to you;
5.  sustained by any person who, at the time of the accident:
    a.  is the owner of one or more registered motor vehicles that do not have in
        effect the security required by the Pennsylvania Motor Vehicle Financial Re-
        sponsibility Law; or
    b.  is occupying a motor vehicle owned by that person for which the financial
        responsibility required by the Pennsylvania Motor Vehicle Financial Respon-
        sibility Law is not in effect;
6.  sustained by any person maintaining or using a motor vehicle while located for
    use as a residence or premises;
7.  sustained by any person while occupying:
    a.  a recreational vehicle designed for use off public roads; or
    b.  a motorcycle, moped, or similar type vehicle;
8.  caused by or as a consequence of:
    a.  any discharge of a nuclear weapon;
    b.  war (whether declared or undeclared);
    c.  civil war;
    d.  insurrection; or
    e.  rebellion or revolution; or
9.  from or as a consequence of the following whether controlled or uncontrolled or
    however caused:
    a.  nuclear reaction;
    b.  radiation; or
    c.  radioactive contamination.

## LIMITS OF LIABILITY

The limit of liability shown on the declarations page for each First Party Benefit under
this Part II is the most we shall pay for that benefit to or for each insured person as
the result of any one accident, regardless of the number of:
1.  claims made;
2.  covered autos;
3.  lawsuits brought;
4.  vehicles involved in the accident;
5.  premiums paid; or
6.  insurers providing first party benefits.

## OTHER INSURANCE

No one will be entitled to recover duplicate payments for the same elements of loss
under this or any other similar automobile insurance, including self-insurance.

Case ID: 090603633

06/26/2009 09:27 FAX                                                          032/067
08/25/2009 14:54 FAX  15709889013      ProgressiveCasInsCo                    095/070
06/25/2009  12:45     2155469559       DANIEL M JAFFE ESQ                 PAGE  33/68

Any amount payable under this Part II shall be excess over any amounts paid, payable or required to be provided to an insured person under any workers' compensation law or similar law. Consistent with the duty of an insured person to cooperate with us in any matter concerning a claim, an insured person presenting a claim under this Part II shall, when eligible for workers' compensation benefits, make application for same with both the insured person's employer and workers' compensation insurer.

## PRIORITY OF POLICIES

If there is other First Party Benefits Coverage, we will pay benefits under this Part II in accordance with the order of priorities set forth by the Pennsylvania Motor Vehicle Financial Responsibility Law, as amended. We will not pay benefits if there is another insurer at a higher level of priority. The order of priority is:

First     The insurer providing benefits to the insured person as a named insured.

Second    The insurer providing benefits to the insured person as a relative who is not a named insured under another policy providing coverage under the Pennsylvania Motor Vehicle Financial Responsibility Law.

Third     The insurer of the motor vehicle which the insured person is occupying at the time of the accident.

Fourth    The insurer providing benefits on any motor vehicle involved in the accident if the insured person is:

    a.  not occupying a motor vehicle; and

    b.  not entitled to payment of first party benefits under any other motor vehicle policy.

An unoccupied parked motor vehicle is not a motor vehicle involved in an accident within this Fourth priority unless it was parked in a manner as to create an unreasonable risk of injury.

If two or more policies have equal priority within the highest applicable priority level:

1.  The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution on a pro rata basis from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers responsible under the Fourth priority, proration shall be based on the number of involved motor vehicles.

2.  If we are the insurer against whom the claim is first made, our payment to or for an insured person will not exceed the applicable limit of liability for coverage under this Part II shown on the declarations page, or if you have purchased Extraordinary Medical Benefits Coverage, the applicable limit of liability.

3.  The maximum recovery under all policies may not exceed the amount payable under the policy with the highest dollar limits of benefits.

10

Case ID: 090603633

06/26/2009 09:27 FAX                                                                    ☑ 033/067

08/25/2009 14:54 FAX  15709693013        ProgressiveCasInsCo                            ☑ 036/070
    08/25/2009  12:45    2155469559             DANIEL M JAFFE ESQ                        PAGE  34/68

## PART III - UNINSURED/UNDERINSURED MOTORIST COVERAGE

### INSURING AGREEMENT - UNINSURED MOTORIST COVERAGE

If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an **uninsured** motor vehicle because of bodily injury:
1. sustained by an insured person;
2. caused by an accident; and
3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle.

### INSURING AGREEMENT - UNDERINSURED MOTORIST COVERAGE

If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an **underinsured** motor vehicle because of bodily injury:
1. sustained by an insured person;
2. caused by an accident; and
3. arising out of the ownership, maintenance, or use of an **underinsured** motor vehicle.

An insured person must notify us in writing at least 30 days before entering into any settlement with the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, or any liability insurer. In order to preserve our right of subrogation, we may elect to pay any sum offered in settlement by, or on behalf of, the owner or operator of an uninsured motor vehicle or underinsured motor vehicle. If we do this, the insured person shall assign to us all rights that insured person has against the owner or operator of the uninsured motor vehicle or underinsured motor vehicle, to the extent of our payment.

No judgment or settlement for damages arising out of a lawsuit brought against an owner or operator of an uninsured motor vehicle or underinsured motor vehicle shall be binding on us unless we have:
1. received reasonable notice of the filing of the lawsuit resulting in the judgment; and
2. had a reasonable opportunity to protect our interests in the lawsuit.

### ADDITIONAL DEFINITIONS

When used in this Part III:
1. "insured person" means:
   a. you or a relative;
   b. any person while operating a covered auto with the permission of you or a relative;
   c. any person occupying, but not operating, a covered auto; and
   d. any person who is entitled to recover damages covered by this Part III because of bodily injury sustained by a person described in a, b, or c above.
2. "Noneconomic loss" means pain and suffering and other non-monetary detriment.

11

Case ID: 090603633

06/26/2009 09:28 FAX                                                              ☑ 034/067

06/25/2009 14:54 FAX    15709693013         ProgressiveCasInsCo                   ☑ 037/070
    06/25/2009  12:45    2155469559              DANIEL M JAFFE ESQ               PAGE  35/68

3,  "Serious injury" means bodily injury resulting in death, serious impairment of a bodily function, or permanent serious disfigurement.

4.  "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident, but the sum of all applicable limits of liability for bodily injury is less than the damages that an insured person is entitled to recover from the owner or operator of the motor vehicle because of bodily injury.

An "underinsured motor vehicle" does not include any vehicle or equipment:

a.  owned by you or a relative or furnished or available for the regular use of you or a relative;
b.  operated on rails or crawler treads;
c.  designed mainly for use off public roads, while not on public roads;
d.  while used as a residence or premises and not as a vehicle;
e.  that is a covered auto; or
f.  that is an uninsured motor vehicle.

5.  "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

a.  to which no bodily injury liability bond or policy applies at the time of the accident;
b.  to which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:
    (i)   denies coverage; or
    (ii)  is insolvent, or becomes insolvent within six years after the accident occurs;
c.  to which a bodily injury liability bond or policy applies at the time of the accident, but its limit of liability for bodily injury is less than the minimum limit of liability for bodily injury specified by the financial responsibility law of the state in which the covered auto is principally garaged; or
d.  whose owner or operator cannot be identified and that causes an accident resulting in bodily injury to an insured person, provided that the insured person, or someone on his or her behalf:
    (i)   reports the accident to the police or civil authority within 24 hours or as soon as practicable after the accident; and
    (ii)  notifies us within 30 days, or as soon as practicable thereafter, that the insured person has a cause of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and sets forth the facts in support thereof.

An "uninsured motor vehicle" does not include any vehicle or equipment:

e.  owned by you or a relative or furnished or available for the regular use of you or a relative;
b.  owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer that is or becomes insolvent;
c.  operated on rails or crawler treads;
d.  designed mainly for use off public roads, while not on public roads;
e.  while located for use as a residence or premises and not as a vehicle;
f.  that is a covered auto; or
g.  that is an underinsured motor vehicle.

12

Case ID: 090603633

06/26/2009 09:28 FAX                                                                          ☑ 035/067

06/25/2009 14:54 FAX   15708993013        ProgressiveCasInsCo                      ☑ 036/070
06/25/2009  12:45      2155469559         DANIEL M JAFFE ESQ                        PAGE  36/68

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**

Coverage under this Part III will not apply:

1. to bodily injury sustained by any person while using or occupying:
   a. a covered auto while being used to carry persons or property for compensation or a fee, including, but not limited to, pickup or delivery of magazines, newspapers, food, or any other products. This exclusion does not apply to shared-expense car pools; or
   b. a motor vehicle that is owned by or available for the regular use of you or a relative. This exclusion does not apply to a covered auto that is insured under this Part III;

2. to noneconomic loss sustained by any person to whom a limited tort option applies unless the bodily injury sustained by the insured person is a serious injury;

3. to bodily injury sustained by you or a relative while using any vehicle, other than a covered auto, without the permission of the owner of the vehicle or the person in lawful possession of the vehicle;

4. directly or indirectly to benefit any insurer or self-insurer under any of the following or similar laws:
   a. workers' compensation law; or
   b. disability benefits law;

5. to any punitive or exemplary damages; or

6. to bodily injury sustained by any person if that person or the legal representative of that person settles without our written consent.

## LIMITS OF LIABILITY

The limit of liability shown on the declarations page for Uninsured/Underinsured Motorist Coverage is the most we will pay regardless of the number of:

1. claims made;
2. covered autos, unless you have selected stacked coverage;
3. insured persons;
4. lawsuits brought;
5. vehicles involved in the accident; or
6. premium paid.

## Nonstacked Limits of Liability

If you have selected nonstacked coverage under this Part III, the following shall also apply:

If the declarations page shows a split limit:

1. the amount shown for "each person" is the most we will pay for all damages due to bodily injury to one person; and

13

Case ID: 090603633

08/26/2009 09:28 FAX                                          ☑ 036/067

08/25/2009 14:54 FAX  15709893013          ProgressiveCasInsCo                    ☑ 038/070
   08/25/2009  12:45    2155459559              DANIEL M JAFFE ESQ              PAGE  37/68

2.  subject to the "each person" limit, the amount shown for "each accident" is the most we will pay for all damages due to bodily injury sustained by two or more persons in any one accident.

The "each person" limit of liability includes the total of all claims made for bodily injury to an insured person and all claims of others derived from such bodily injury, including, but not limited to, emotional injury or mental anguish resulting from the bodily injury of another or from witnessing the bodily injury to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

If the declarations page shows that "combined single limit" or "CSL" applies, the amount shown is the most we will pay for the total of all damages resulting from any one accident. However, without changing this total limit of liability, we will comply with any law that requires us to provide any separate limits.

### Stacked Limits of Liability

If you have selected stacked coverage under this Part III, the following shall also apply to bodily injury sustained by you or a relative:

1.  If you or a relative sustain bodily injury while occupying a covered auto, the limit of liability shall be the limit available under Nonstacked Limits of Liability described above and the limit shown on the declarations page multiplied by the number of covered autos that are not involved in the accident.
2.  If you or a relative sustain bodily injury while not occupying a covered auto, the limit of liability shall be the limit shown on the declarations page multiplied by the number of covered autos.

Stacked Limits of Liability shall not increase the limit of liability applicable to any insured person other than you or a relative. The nonstacked limits of liability will apply to any insured person other than you or a relative.

As with nonstacked limits, the "each person" stacked limit of liability includes the total of all claims made for bodily injury to an insured person and all claims of others derived from such bodily injury, including, but not limited to, emotional injury or mental anguish resulting from the bodily injury of another or from witnessing the bodily injury to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

### Limits of Liability Applicable to Stacked and Nonstacked Coverage

In determining the amount payable under this Part III, the amount of damages that an insured person is entitled to recover for bodily injury will be reduced by all sums:

1.  paid because of bodily injury by or on behalf of any persons or organizations that may be legally responsible; and
2.  paid or payable because of bodily injury under any of the following or similar laws:
    a.   workers' compensation law; or
    b.   disability benefits law.

14

Case ID: 090603633

06/26/2009 09:28 FAX                    (                    (                    ☑ 037/067

08/25/2009 14:54 FAX   15709893013          ProgressiveCasInsCo                    ☑ 040/070
   06/25/2009  12:45     2155469559              DANIEL M JAFFE ESQ               PAGE  39/68

However, if an insured person enters into a settlement agreement for an amount less than the sum of the limits of liability under all applicable bodily injury liability bonds and policies, our limit of liability for Underinsured Motorist Coverage shall not exceed the difference between the damages sustained by the insured person and the sum of the applicable bodily injury liability limits.

The limits of liability under this Part III shall be reduced by all sums paid under Part I - Liability To Others.

No one will be entitled to duplicate payments for the same elements of damages.

If multiple auto policies issued by us are in effect for you, we will pay no more than the highest limit of liability for this coverage available under any one policy.

OTHER INSURANCE

If there is other applicable similar insurance available under more than one policy or provision of coverage, the following priorities of recovery apply:

First     The uninsured or underinsured motorist coverage applicable to the motor vehicle the insured person was occupying at the time of the accident.

Second   Any other policy affording uninsured or underinsured motorist coverage to the insured person.

If two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution on a pro rata basis from any other insurer for the benefits paid and the costs of processing the claim.

If nonstacked coverage is shown on the declarations page, the following additional provisions apply:

1.  When there is insurance available under the First priority:
    a.  the limit of liability applicable to the motor vehicle the insured person was occupying, under the policy in the First priority, shall first be exhausted; and
    b.  the maximum recovery under all policies in the Second priority shall not exceed the amount by which the highest limit for any one motor vehicle under any one policy in the Second priority exceeds the limit applicable under the policy in the First priority; and

2.  When there is no applicable insurance available under the First priority, the maximum recovery under all policies in the Second priority shall not exceed the highest applicable limit for any one motor vehicle under any one policy.

16

06/26/2009 09:28 FAX                                                    ☑ 038/067

08/25/2009 14:55 FAX  15709693013        ProgressiveCasInsCo            ☑ 041/070
    06/25/2009  12:45    2155469559            DANIEL M JAFFE ESQ        PAGE  39/59

## PART IV – DAMAGE TO A VEHICLE

### INSURING AGREEMENT – COLLISION COVERAGE

If you pay the premium for this coverage, we will pay for sudden, direct, and acciden-
tal loss to a:
1. covered auto, including an attached trailer; or
2. non-owned auto;
and its custom parts or equipment, resulting from collision.

In addition, we will pay the reasonable cost to replace any child safety seat damaged
in an accident to which this coverage applies.

### INSURING AGREEMENT – COMPREHENSIVE COVERAGE

If you pay the premium for this coverage, we will pay for sudden, direct, and acciden-
tal loss to a:
1. covered auto, including an attached trailer; or
2. non-owned auto;
and its custom parts or equipment, that is not caused by collision.

A loss not caused by collision includes:
1. contact with an animal (including a bird);
2. explosion or earthquake;
3. fire;
4. malicious mischief or vandalism;
5. missiles or falling objects;
6. riot or civil commotion;
7. theft or larceny;
8. windstorm, hail, water, or flood; or
9. breakage of glass not caused by collision.

In addition, we will pay for:
1. reasonable transportation expenses incurred by you if a covered auto is stolen;
   and
2. loss of use damages that you are legally liable to pay if a non-owned auto is sto-
   len.
A combined maximum of $900, not exceeding $30 per day, will apply to these addi-
tional benefits. The additional benefit for transportation expenses will not apply if you
purchased Rental Reimbursement Coverage for the stolen covered auto.

Coverage for transportation expenses and loss of use damages begins 48 hours after
you report the theft to us and ends the earliest of:
1. when the auto has been recovered and returned to you or its owner;
2. when the auto has been recovered and repaired;
3. when the auto has been replaced; or

16

06/26/2009 09:28 FAX                                                                    039/067

08/25/2009 14:55 FAX  15708693013          ProgressiveCasInsCo                          042/070
      06/25/2009  12:45    2155469559              DANIEL M JAFFE ESQ                     PAGE  48/68

4.   In house and we make an offer to settle the loss if the auto is deemed by us to be a total loss.

We must receive written proof of transportation expenses and loss of use damages.

## INSURING AGREEMENT - ADDITIONAL CUSTOM PARTS OR EQUIPMENT COVERAGE

We will pay for sudden, direct, and accidental loss to custom parts or equipment on a covered auto for which this coverage has been purchased. This coverage applies only if you have purchased both Comprehensive Coverage and Collision Coverage for that covered auto and the loss is covered under one of those coverages. This coverage applies in addition to any coverage automatically provided for custom parts or equipment under Comprehensive Coverage or Collision Coverage.

## INSURING AGREEMENT - RENTAL REIMBURSEMENT COVERAGE

We will reimburse rental charges incurred when you rent an auto from a rental agency or auto repair shop due to a loss to a covered auto for which Rental Reimbursement Coverage has been purchased. This coverage applies only if you have purchased both Comprehensive Coverage and Collision Coverage for that covered auto and the loss is covered under one of those coverages.

Additional fees or charges for insurance, damage waivers, optional equipment, fuel, or accessories are not covered.

This coverage is limited to the each day limit shown on the declarations page for a maximum of 30 days.

If Rental Reimbursement Coverage applies, no other coverage under this policy for rental expenses will apply.

Rental charges will be reimbursed beginning:
1.   when the covered auto cannot be driven due to a loss; or
2.   if the covered auto can be driven, when you deliver the covered auto to an auto repair shop or one of our Claims Service Centers for repairs due to the loss;
and ending the earliest of:
1.   when the covered auto has been returned to you;
2.   when the covered auto has been repaired;
3.   when the covered auto has been replaced;
4.   72 hours after we make an offer to settle the loss if the covered auto is deemed by us to be a total loss; or
5.   when you incur 30 days worth of rental charges.

You must provide us written proof of your rental charges to be reimbursed.

17

Case ID: 090603633

06/26/2009 09:28 FAX

06/25/2009 14:55 FAX   15709693013
06/25/2009  12:45   2155469559               ProgressiveCasInsCo
                                             DANIEL M JAFFE ESQ

☑ 040/067

☑ 043/070
PAGE  41/58

## INSURING AGREEMENT - LOAN/LEASE PAYOFF COVERAGE

If you pay the premium for this coverage, and the covered auto for which this coverage was purchased is deemed by us to be a total loss, we will pay, in addition to any amounts otherwise payable under this Part IV, the difference between:

1. the actual cash value of the covered auto at the time of the total loss; and
2. any greater amount the owner of the covered auto is legally obligated to pay under a written loan or lease agreement to which the covered auto is subject at the time of the total loss, reduced by:

    a. unpaid finance charges or refunds due to the owner for such charges;
    b. excess mileage charges or charges for wear and tear;
    c. charges for extended warranties or refunds due to the owner for extended warranties;
    d. charges for credit insurance or refunds due to the owner for credit insurance;
    e. past due payments and charges for past due payments; and
    f. collection or repossession expenses.

However, our payment under this coverage shall not exceed the limit of liability shown on the declarations page. The limit of liability is a percentage of the actual cash value of the covered auto at the time of the loss.

This coverage applies only if you have purchased both Comprehensive Coverage and Collision Coverage for that covered auto and the loss is covered under one of those coverages.

### ADDITIONAL DEFINITIONS

When used in this Part IV:

1. "Collision" means the upset of a vehicle or its impact with another vehicle or object.
2. "Custom parts or equipment" means equipment, devices, accessories, enhancements, and changes, other than those that are offered by the manufacturer specifically for that auto model, or that are installed by the auto dealership as part of the original sale of a new auto, that:

    a. are permanently installed or attached; and
    b. alter the appearance or performance of the auto.
3. "Mechanical parts" means operational parts on a vehicle that wear out over time or have a finite useful life or duration typically shorter than the life of the vehicle as a whole. Mechanical parts do not include external crash parts, wheels, paint, or windshields and other glass.
4. "Non-owned auto" means an auto that is not owned by or furnished or available for the regular use of you or a relative while in the custody of or being operated by you or a relative with the permission of the owner of the auto or the person in lawful possession of the auto.

18

Case ID: 090603633

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART IV.**

Coverage under this Part IV will not apply for loss:

1. to any vehicle while being used to carry persons or property for compensation or a fee, including, but not limited to, pickup or delivery of magazines, newspapers, food, or any other products. This exclusion does not apply to shared-expense car pools;

2. to a non-owned auto while being maintained or used by a person while employed or engaged in any auto business;

3. to any vehicle resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving activity conducted on a permanent or temporary racetrack or race-course;

4. to any vehicle for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

5. to any vehicle caused by an intentional act committed by or at the direction of you, a relative, or the owner of a non-owned auto, even if the actual damage is different than that which was intended or expected;

6. to a covered auto while it is leased or rented to others or given in exchange for compensation. This exclusion does not apply to the operation of a covered auto by you or a relative;

7. due to destruction or confiscation by governmental or civil authorities of any vehicle because you or any relative engaged in illegal activities;

8. to any vehicle that is due and confined to:
   a. wear and tear;
   b. freezing;
   c. mechanical, electrical, or electronic breakdown or failure; or
   d. road damage to tires.
   This exclusion does not apply if the damage results from the theft of a vehicle;

9. to portable equipment, devices, accessories, and any other personal effects that are not permanently installed. This includes, but is not limited to:
   a. tapes, compact discs, cassettes, DVDs, and other recording or recorded media;
   b. any case or other container designed for use in storing or carrying tapes, compact discs, cassettes, DVDs, or other recording or recorded media;
   c. any device used for the detection or location of radar, laser, or other speed measuring equipment or its transmissions; and
   d. CB radios, telephones, two-way mobile radios, DVD players, personal computers, personal digital assistants, or televisions;

10. to any vehicle for diminution of value;

11. to any vehicle caused directly or indirectly by:
   a. war (declared or undeclared) or civil war;

18

Case ID: 090603633

08/26/2009 08:29 FAX                                                                    ☎042/067

08/25/2009 14:55 FAX  15709893013        ProgressiveCasInsCo                            ☎045/070
06/25/2009  12:45  2155469559            DANIEL M JAFFE ESQ                             PAGE  43/68

     b.  warlike action by any military force of any government, sovereign or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or

     c.  insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;

12. to any vehicle caused directly or indirectly by:

     a.  any accidental or intentional discharge, dispersal or release of radioactive, nuclear, pathogenic or poisonous biological material; or

     b.  any intentional discharge, dispersal or release of chemical or hazardous material for any purpose other than its safe and useful purpose; or

13. to any vehicle caused by, or reasonably expected to result from, a criminal act or omission of you, a relative, or the owner of a non-owned auto. This exclusion applies regardless of whether you, the relative, or the owner of the non-owned auto is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

## LIMITS OF LIABILITY

1. The limit of liability for loss to a covered auto, non-owned auto, or custom parts or equipment is the lowest of:

     a.  the actual cash value of the stolen or damaged property at the time of the loss reduced by the applicable deductible;

     b.  the amount necessary to replace the stolen or damaged property reduced by the applicable deductible;

     c.  the amount necessary to repair the damaged property to its pre-loss condition reduced by the applicable deductible; or

     d.  the Stated Amount shown on the declarations page for that covered auto.

However, the most we will pay for loss to:

     a.  custom parts or equipment is $1,000 unless you purchased Additional Custom Parts or Equipment Coverage ("ACPE"). If you purchased ACPE, the most we will pay is $1,000 plus the amount of ACPE you purchased;

     b.  a trailer is the limit of liability shown on the declarations page for that trailer. If the trailer is not shown on the declarations page, the limit of liability is $500.

2. Payments for loss to a covered auto, non-owned auto, or custom parts or equipment are subject to the following provisions:

     a.  If coverage applies to a non-owned auto, we will provide the broadest coverage applicable to any covered auto shown on the declarations page.

     b.  If you have elected a Stated Amount for a covered auto, the Stated Amount is the most we will pay for all loss to that covered auto, including its custom parts or equipment.

     c.  Coverage for custom parts or equipment will not cause our limit of liability for loss to an auto under this Part IV to be increased to an amount in excess of the actual cash value of the auto, including its custom parts or equipment.

     d.  In determining the amount necessary to repair damaged property to its pre-loss condition, the amount to be paid by us:

        (i)  will not exceed the prevailing competitive labor rates charged in the area

Case ID: 090603633

06/26/2009 09:29 FAX                                                          ☑ 043/067

06/25/2009 14:55 FAX  15703889019        ProgressiveCasInsCo              ☑ 046/070
  06/25/2009  12:45    2155469559              DANIEL M JAFFE ESQ          PAGE  44/68

where the property is to be repaired and the cost of repair or replacement parts and equipment, as reasonably determined by us; and

   (ii)  will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

       (a)  original manufacturer parts or equipment; and

       (b)  nonoriginal manufacturer parts or equipment.

   e.  To determine the amount necessary to repair or replace the damaged property as referred to in subsection 1, the total cost of necessary repair or replacement may be reduced by unrepaired prior damage. Unrepaired prior damage includes broken, cracked, or missing parts; rust; dents; scrapes; gouges; and peeling paint. The reduction for unrepaired prior damage is the cost of labor, parts, and materials necessary to repair or replace damage, deterioration, defects, or wear and tear on exterior body parts, windshields and other glass, wheels, and paint, that existed prior to the accident and that is eliminated as a result of the repair or replacement of property damaged in the loss.

   f.  To determine the amount necessary to repair or replace the damaged property as referred to in subsection 1, an adjustment may be made for betterment or depreciation and physical condition on:

     (i)  batteries;

     (ii)  tires;

     (iii)  engines and transmissions, if the engine has greater than 80,000 miles; and

     (iv)  any other mechanical parts that are nonfunctioning or inoperative.

     We will not make an adjustment for the labor costs associated with the replacement or repair of those parts.

   g.  The actual cash value is determined by the market value, age, and condition of the vehicle at the time the loss occurs.

3. No deductible will apply to a loss to window glass when the glass is repaired instead of replaced.

4. Duplicate recovery for the same elements of damages is not permitted.

**PAYMENT OF LOSS**

We may, at our option:

1. pay for the loss in money; or

2. repair or replace the damaged or stolen property.

At our expense, we may return any recovered stolen property to you or to the address shown on the declarations page, with payment for any damage resulting from the theft. We may keep all or part of the property at the agreed or appraised value.

We may settle any loss with you or the owner or lienholder of the property.

**NO BENEFIT TO BAILEE**

Coverage under this Part IV will not directly or indirectly benefit any carrier or other bailee for hire.

21

Case ID: 090603633

06/26/2009 09:29 FAX                                                    044/087

06/26/2009 14:55 FAX    15706693013        ProgressiveCasInsCo          047/070
06/25/2009  12:45       2155469559         DANIEL M JAFFE ESQ           PAGE   45/68

LOSS PAYABLE CLAUSE

Payment under this Part IV for a loss to a covered auto will be made according to your interest and the interest of any lienholder shown on the declarations page or designated by you. At our option, payment may be made to both jointly, or to either separately. Either way, we will protect the interest of both. However, if the covered auto is not a total loss, we may make payment to you and the repairer of the auto.

Protection of the lienholder's financial interest will not be affected by any act or omission by any person entitled to coverage under this policy. However, protection under this clause does not apply:

1. in any case of conversion, embezzlement, secretion, or willful damaging or destruction, of the covered auto by or at the direction of you, a relative, or the owner of the covered auto; or
2. to any loss caused by, or reasonably expected to result from, a criminal act or omission of you, a relative, or the owner of the covered auto. This applies regardless of whether you, the relative, or the owner of the covered auto is actually charged with, or convicted of, a crime.

If this policy is cancelled, nonrenewed, or voided, the interest of any lienholder under this agreement will also terminate.

When we make payment to a lienholder for loss under this policy, we will be subrogated to the rights of the party we pay, to the extent of our payment. When we pay a lienholder for a loss for which you are not covered, we are entitled to the lienholder's right of recovery against you to the extent of our payment. Our right to subrogation will not impair the lienholder's right to recover the full amount of its claim.

OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a non-owned auto, or trailer not shown on the declarations page, will be excess over any other collectible source of recovery including, but not limited to:

1. any coverage provided by the owner of the non-owned auto or trailer;
2. any other applicable physical damage insurance; and
3. any other source of recovery applicable to the loss.

APPRAISAL

If we cannot agree with you on the amount of a loss, then we or you may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent and impartial appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified and impartial umpire chosen by the

22

Case ID: 090603633

06/26/2009 09:28 FAX                                                      ☑ 045/067

06/25/2009 14:56 FAX    15708693013          ProgressiveCasInsCo          ☑ 048/070
05/25/2009   12:45      2155469559           DANIEL M JAFFE ESR           PAGE  46/68

appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, we or you may request that a judge of a court of record, in the county where you reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. You will pay your appraiser's fees and expenses. We will pay our appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between us and you. Neither we nor you waive any rights under this policy by agreeing to an appraisal.

## PART V - ROADSIDE ASSISTANCE COVERAGE

### INSURING AGREEMENT

If you pay the premium for this coverage, we will pay for our authorized service representative to provide the following services when necessary due to a covered emergency:
1.  towing of a covered disabled auto to the nearest qualified repair facility; and
2.  labor on a covered disabled auto at the place of disablement.

If a covered disabled auto is towed to any place other than the nearest qualified repair facility, you will be responsible for any additional charges incurred.

### ADDITIONAL DEFINITIONS

When used in this Part V:
1.  "Covered disabled auto" means a covered auto for which this coverage has been purchased that sustains a covered emergency.
2.  "Covered emergency" means a disablement that is a result of:
    a.  mechanical or electrical breakdown;
    b.  battery failure;
    c.  insufficient supply of fuel, oil, water, or other fluid;
    d.  flat tire;
    e.  lock-out; or
    f.  entrapment in snow, mud, water, or sand, within 100 feet of a road or highway.

### EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART V.

Coverage under this Part V will not apply to:
1.  the cost of purchasing parts, fluid, lubricants, fuel, or replacement keys, or the labor to make replacement keys;
2.  installation of products or material not related to the disablement;
3.  labor not related to the disablement;
4.  labor on a covered disabled auto for any time period in excess of 60 minutes per disablement;
5.  towing or storage related to impoundment, abandonment, illegal parking, or other violations of law;

23

Case ID: 090603633

06/26/2009 09:29 FAX                                                    ☑046/067

06/25/2009 14:58 FAX   15709693013      ProgressiveCasInsCo             ☑048/070
06/25/2009  12:45      2155459559              DANIEL M JAFFE ESQ       PAGE   47/68

6.   assistance with jacks, levelers, airbags, or awnings;
7.   towing from a service station, garage, or repair shop;
8.   labor or repair work performed at a service station, garage, or repair shop;
9.   auto storage charges;
10.  a second service call or tow for a single disablement;
11.  disablement that occurs on roads not regularly maintained, sand beaches, open fields, or areas designated as not passable due to construction, weather, or earth movement;
12.  mounting or removing of snow tires or chains;
13.  tire repair;
14.  repeated service calls for a covered disabled auto in need of routine maintenance or repair;
15.  disablement that results from an intentional or willful act or action by you, a relative, or the operator of a covered disabled auto; or
16.  a trailer.

UNAUTHORIZED SERVICE PROVIDER

When service is rendered by a provider in the business of providing roadside assistance and towing services, other than one of our authorized service representatives, we will pay only reasonable charges, as determined by us, for:
1.   towing of a covered disabled auto to the nearest qualified repair facility; and
2.   labor on a covered disabled auto at the place of disablement;
which is necessary due to a covered emergency.

OTHER INSURANCE

Any coverage provided under this Part V for service rendered by an unauthorized service provider will be excess over any other collectible insurance or towing protection coverage.

PART VI - DUTIES IN CASE OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, you or the person seeking coverage must promptly report each accident or loss even if you or the person seeking coverage is not at fault. You or the person seeking coverage must provide us with all accident/loss information including time, place, and how the accident or loss happened. You or the person seeking coverage must also obtain and provide us the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

If you or the person seeking coverage cannot identify the owner or operator of a vehicle involved in the accident, or if theft or vandalism has occurred, you or the person seeking coverage must notify the police within 24 hours or as soon as practicable.

A person seeking coverage must:
1.   cooperate with us in any matter concerning a claim or lawsuit;

24

Case ID: 090603633

2. provide any written proof of loss we may reasonably require;
3. allow us to take signed and recorded statements, including sworn statements and examinations under oath, which we may conduct outside the presence of you or any other person claiming coverage, and answer all reasonable questions we may ask as often as we may reasonably require;
4. promptly call to notify us about any claim or lawsuit and send us any and all legal papers relating to the claim or suit;
5. attend hearings and trials as we require;
6. take reasonable steps after a loss to protect the covered auto, or any other vehicle for which coverage is sought, from further loss. We will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;
7. allow us to have the damaged covered auto, or any other damaged vehicle for which coverage is sought, inspected and appraised before its repair or disposal;
8. submit to medical examinations at our expense by doctors we select as often as we may reasonably require;
9. submit to vocational rehabilitation examinations at our expense by rehabilitation specialists we select as often as we may reasonably require; and
10. authorize us to obtain medical and other records.

### PART VII – GENERAL PROVISIONS

POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses occurring during the policy period shown on the declarations page and that occur within a state, territory, or possession of the United States of America, or a province or territory of Canada, or while a covered auto or trailer shown on the declarations page is being transported between their ports.

CHANGES

This policy contract, your insurance application (which is made a part of this policy as if attached hereto), the declarations page, and all endorsements to this policy issued by us, contain all the agreements between you and us. Subject to the following, the terms of this policy may not be changed or waived except by an endorsement issued by us.

The premium for this policy is based on information we received from you and other sources. You agree to cooperate with us in determining if this information is correct and complete, and to notify us if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, you agree that we may adjust your premium accordingly. Changes that may result in a premium adjustment are contained in our rates and rules. These include, but are not limited to, you or a relative obtaining a driver's license or operator's permit, or changes in:
1. the number, type, or use classification of covered autos;
2. operators using covered autos;
3. an operator's marital status;

25

06/26/2009 09:30 FAX                                                                     ☑ 048/067

08/25/2009 14:58 FAX   15709693013        ProgressiveCasInsCo                            ☑ 051/070
                                          DANIEL M JAFFE ESQ                             PAGE   49/50

4. the place of principal garaging of any covered auto;
5. coverage, deductibles, or limits of liability; or
6. rating territory or discount eligibility.

The coverage provided in your policy may be changed only by the issuance of a new policy or an endorsement by us. However, if during the policy period we broaden any coverage afforded under the current edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date the coverage change is implemented in your state.

If you ask us to delete a vehicle from this policy, no coverage will apply to that vehicle as of the date and time you ask us to delete it.

## DUTY TO REPORT CHANGES

You must promptly notify us when:
1. your mailing or residence address changes;
2. the principal garaging address for a covered auto or a trailer shown on the declarations page changes;
3. there is a change with respect to the residents in your household or the persons who regularly operate a covered auto;
4. an operator's marital status changes; or
5. you or a relative obtain a driver's license or operator's permit.

## SETTLEMENT OF CLAIMS

We may use estimating, appraisal, or injury evaluation systems to assist us in adjusting claims under this policy and to assist us in determining the amount of damages, expenses, or loss payable under this policy. Such systems may be developed by us or a third party and may include computer software, databases, and specialized technology.

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform to the statutes of the state listed on your application as your residence, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on your application as your residence.

## TRANSFER

This policy may not be transferred to another person without our written consent. However, if a named insured shown on the declarations page dies, this policy will provide coverage until the end of the policy period for the legal representative of the named insured, while acting as such, and for persons covered under this policy on the date of the named insured's death.

28

Case ID: 090603633

06/26/2009 09:30 FAX                                                            ☑ 049/067

08/25/2009 14:58 FAX   15709983013        ProgressiveCasInsCo                   ☑ 052/070
  06/25/2009  12:45     2155469559          DANIEL M JAFFE ESQ                   PAGE   58/68

## FRAUD OR MISREPRESENTATION

This policy was issued in reliance upon the information provided on your insurance application. We may void this policy at any time during the first 59 days, including after the occurrence of an accident or loss, if you:
1. made incorrect statements or representations to us with regard to any material fact or circumstance;
2. concealed or misrepresented any material fact or circumstance; or
3. engaged in fraudulent conduct;
at the time of application. This means that we will not be liable for any claims or damages that would otherwise be covered.

We may deny coverage for an accident or loss if you or a person seeking coverage has knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time of application, at any time during the policy period, or in connection with the presentation or settlement of a claim.

## PAYMENT OF PREMIUM AND FEES

If your initial premium payment is by check, draft, electronic funds transfer, or similar form of remittance, coverage under this policy is conditioned on payment to us by the financial institution. If the financial institution upon presentment does not honor the check, draft, electronic funds transfer, or similar form of remittance, this policy may, at our option, be deemed void from its inception. This means we will not be liable under this policy for any claims or damages that would otherwise be covered if the check, draft, electronic funds transfer, or similar form of remittance had been honored by the financial institution. Any action by us to present the remittance for payment more than once shall not affect our right to void this policy.

In addition to premium, fees may be charged on your policy. We may charge fees for installment payments, late payments, and other transactions. Payments made on your policy will be applied first to fees, then to premium due.

## CANCELLATION

You may cancel this policy during the policy period by calling or writing us and stating the future date you wish the cancellation to be effective.

We may cancel this policy during the policy period by mailing a notice of cancellation to the named insured shown on the declarations page at the last known address appearing in our records.

We will give at least 15 days notice of cancellation if:
1. we cancel during the first 59 days of the initial policy period; or
2. the policy is cancelled for nonpayment of premium.

Case ID: 090603633

06/26/2009 09:30 FAX                                                    ☑ 050/067

06/25/2009 14:56 FAX  15709893013        ProgressiveCasInsCo            ☑ 053/070
06/26/2009  12:45     2165465559          DANIEL M JAFFE ESQ            PAGE  51/68

we will give at least 60 days notice of cancellation in all other cases.

We may cancel this policy for any reason if the notice is mailed within the first 59 days of the initial policy period.

After this policy is in effect for more than 59 days, or if this is a renewal or continuation policy, we may cancel only for one or more of the following reasons:
1.  nonpayment of premium;
2.  material misrepresentation or fraud by you with respect to any material fact in the procurement or renewal of this policy;
3.  loss of driving privileges through suspension or revocation of an operator's license or motor vehicle registration issued to the named insured;
4.  your place of residence or the state of registration or license of a covered auto is changed to a state or country in which we do not accept applications for the insurance provided by this policy;
5.  we have agreed to issue a new policy within the same or an affiliated company; or
6.  any other reason permitted by law.

Proof of mailing will be sufficient proof of notice. If this policy is cancelled, coverage will not be provided as of the effective date and time shown in the notice of cancellation. For purposes of cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverages for all persons and all vehicles.

## CANCELLATION REFUND

Upon cancellation, you may be entitled to a premium refund. However, our making or offering of a refund is not a condition of cancellation.

If this policy is cancelled, any refund due will be computed on a daily pro rata basis. However, we will retain a cancellation fee if this policy is cancelled at your request or if cancellation is for nonpayment of premium. A cancellation fee will be charged only during the initial policy period.

## NONRENEWAL

If neither we nor one of our affiliates offers to renew or continue this policy, we will mail notice of nonrenewal to the named insured shown on the declarations page at the last known address appearing in our records. Proof of mailing will be sufficient proof of notice. If nonrenewal is due to nonpayment of premium or loss of driving privileges through suspension or revocation of the named insured's operator's license or motor vehicle registration, notice will be mailed at least 15 days before the end of the policy period. If nonrenewal is due to any other reason, notice will be mailed at least 60 days before the end of the policy period.

Case ID: 090603633

06/26/2009 09:30 FAX                                                          051/067
09/25/2009 14:56 FAX  15709693013          ProgressiveCasInsCo                054/070
06/25/2009  12:45     2155469559              DANIEL M JAFFE ESQ            PAGE  52/68

## AUTOMATIC TERMINATION

If we or an affiliate offers to renew or continue this policy and you or your representative does not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due will mean that you have not accepted our offer.

If a covered auto is sold or transferred to someone other than you or a relative, any insurance provided by this policy will terminate as to that covered auto on the effective date of the sale or transfer.

## LEGAL ACTION AGAINST US

We may not be sued unless there is full compliance with all the terms of this policy.

Any action brought against us pursuant to coverage under Part III - Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county.

We may not be sued for payment under Part I - Liability To Others until the obligation of an insured person under Part I to pay is finally determined either by judgment after trial against that person or by written agreement of the insured person, the claimant, and us. No one will have any right to make us a party to a lawsuit to determine the liability of an insured person.

If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including evidence for any civil or criminal proceeding.

## OUR RIGHTS TO RECOVER PAYMENT

We are entitled to the rights of recovery that the insured person to whom payment was made has against another, to the extent of our payment. That insured person may be required to sign documents related to the recovery and must do whatever else we require to help us exercise those recovery rights, and do nothing after an accident or loss to prejudice those rights.

When an insured person has been paid by us and also recovers from another, the amount recovered will be held by the insured person in trust for us and reimbursed to us to the extent of our payment. However, this shall not apply to amounts paid by us under Part II - First Party Benefits Coverage unless the payments are subject to the Workers' Compensation Act. If we are not reimbursed, we may pursue recovery of that amount directly against that insured person.

If an insured person recovers from another without our written consent, the insured person's right to payment under any affected coverage will no longer exist.

29

Case ID: 090603633

06/26/2009 09:30 FAX                                                    ☑ 052/067

08/25/2009 14:57 FAX   15708893013        ProgressiveCasInsCo          ☑ 055/070
    06/25/2009   12:45   2155469559            DANIEL M JAFFE ESU       PAGE   53/68

II we elect to exercise our rights of recovery against another; we will also attempt to recover any deductible incurred by an insured person under this policy unless we are specifically instructed by that person not to pursue the deductible. We have no obligation to pursue recovery against another for any loss not covered by this policy.

We reserve the right to compromise or settle the deductible and property damage claims against the responsible parties for less than the full amount. We reserve the right to incur reasonable expenses and attorney fees in pursuit of the recovery.

If the total recovery is less than the total of our payment and the deductible, we will reduce reimbursement of the deductible based on the proportion that the actual recovery bears to the total of our payment and the deductible. Reimbursement of the deductible will also be reduced by a proportionate share of collection expenses and attorney fees incurred in connection with these recovery efforts.

These provisions will be applied in accordance with state law.

### JOINT AND INDIVIDUAL INTERESTS

If there is more than one named insured on this policy, any named insured may cancel or change this policy. The action of one named insured will be binding on all persons provided coverage under this policy. Any rejection of coverage available under Part III - Uninsured/Underinsured Motorist Coverage should be made by the first named insured.

### BANKRUPTCY

The bankruptcy or insolvency of an insured person will not relieve us of any obligations under this policy.

30

06/26/2009 09:30 FAX                                                    ☑ 053/067

08/25/2009 14:57 FAX  15709893013      ProgressiveCasInsCo             ☑ 056/070
   06/25/2009  12:45    2155469559        DANIEL M JAFFE ESN           PAGE  54/68

# EXHIBIT "C"

Case ID: 090603633

06/26/2009 09:30 FAX                                                    ☑054/067

06/25/2009 14:57 FAX  15708693013      ProgressiveCasInsCo              ☑057/070
06/25/2009 12:45   2155469559          DANIEL M JAFFE ESQ               PAGE  55/68

## Application for Insurance

### Please review, sign where indicated and return



**Policy number: 17407878-0**
Policyholder: BERTHA JOHNSON
October 16, 2007
Page 1 of 12

### Policy and premium information for policy number 17407878-0

| Insurance company: | Progressive Specialty Insurance Co<br>P.O. BOX 6807<br>Cleveland, OH 44101 |
| --- | --- |
| Agent: | YVONNE TAYLOR<br>AAA MID ATLANTIC INS<br>PO BOX 6032<br>NEWARK, DE 19714<br>50527<br>800-492-6901 |
| Named insured: | BERTHA JOHNSON<br>2112 N 57TH ST<br>PHILADELPHIA, PA 19131<br>e-mail address: NONE<br>Home: 215-879-6875<br>Work:<br>Membership number: 7814014 |
| Financial responsibility vendor: | EXPERIAN<br>888-397-3742 |
| Policy period: | Nov 13, 2007 – May 13, 2008 |
| Effective date and time: | Nov 13, 2007 at 12:01 a.m. |
| Total policy premium: | $1,172.00 |
| Initial payment required: | $293.00 |
| Initial payment received: | $293.00 |
| Payment plan: | 5 payments |

### Drivers and household residents

The applicant, spouse and all household residents 16 years of age or older, all regular operators of the vehicles described in this application, and all children who live away from home who drive these vehicles, even occasionally, are listed below. Your total policy premium will be affected by all persons of driving age. Policies with drivers designated as Excluded will be assessed a surcharge; however, the violation and accident history of Excluded drivers does not affect premium.

| Name | Date of birth | Sex | Marital status | Relationship |
| --- | --- | --- | --- | --- |
| BERTHA JOHNSON<br>Driver status: Rated | Jul 13, 1940 | Female | Single | Insured |

Case ID: 090603633

06/26/2009 09:30 FAX                                                              ☑ 055/067

06/26/2009 14:57 FAX   15709893013        ProgressiveCasInsCo              ☑ 058/070
06/25/2009 12:45       2155469559               DANIEL M JAFFE ESQ         PAGE   56/68

Policy number: 17407878-0
BERTHA JOHNSON
Page 2 of 17

## Outline of coverage

**2003 CHEVROLET CAVALIER LS SPORT 2 door coupe**
VIN: 1G1JH12F837171345

| Garaging Zip Code: 19131 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $478 |
| Bodily Injury Liability | $50,000 each person/$100,000 each accident | | |
| Property Damage Liability | $50,000 each accident | | |
| Uninsured Motorist - Nonstacked | $50,000 each person/$100,000 each accident | | 77 |
| Underinsured Motorist - Nonstacked | $50,000 each person/$100,000 each accident | | 151 |
| First Party Benefits | | | 163 |
| Medical Expenses | $5,000 each person | | |
| Comprehensive | Actual Cash Value | $100 | 97 |
| Collision | Actual Cash Value | $250 | 323 |
| Rental Reimbursement | $30 each day/maximum 30 days | | 30 |
| Total premium for 2003 CHEVROLET (Pleasure) | | | $1,172 |
| **Total 6 month policy premium** | | | **$1,172** |

## Premium discounts

| Policy | |
|---|---|
| 17407878-0 | association membership, home owner and advance quote |

| Vehicle | |
|---|---|
| 2003 CHEVROLET CAVALIER LS SPORT | airbag and anti-theft device |

## Driving history

Please review the following information carefully because driving history is used to determine your rate. All accidents are considered at-fault and chargeable unless the accident is under an applicable payment threshold or we receive additional information from you or another source that proves the accident was not-at-fault. We obtain driving history from the following sources:

- Your application (APP)
- Progressive claims history (PROG)
- Motor Vehicle Reports - provided by state agencies (MVR)
- Comprehensive Loss Underwriting Exchange - provided by ChoicePoint, Inc. (CLUE)

| Driver | Description | Date | Source |
|---|---|---|---|
| BERTHA JOHNSON | not at fault accident (no points charged) | Aug 17, 2006 | CLUE |

## Prior Insurance and underwriting questions

LIBERTY MUTUAL INS CO, policy number: A022B8577957006
Bodily injury limits: Greater than or equal to $50,000/$100,000 but less than $100,000/$300,000 or $100,000 CSL

## Lienholder Information

| Lienholder | GMAC |
|---|---|
| | PO BOX 674 MINNEAPOLIS, MN 55440 |
| | 2003 CHEVROLET CAVALIER LS SPORT (1G1JH12F837171345) |

FFDA07, FF PA, EA, p 1, Ep 62         This application has been electronically transmitted.

## Tort Option

This policy provides full tort insurance.

Case ID: 090603633

06/26/2009 09:31 FAX                                          ☑ 056/067

06/25/2009 14:57 FAX  15709893013    ProgressiveCasInsCo              ☑ 059/070
06/25/2009  12:45     2166469559      DANIEL M JAFFE ESQ              PAGE  57/68

Policy number: 17407K784-0
BERTHA JOHNSON
Page 3 of 12

## Application agreement

### Verification of content

I declare that the statements contained herein are true to the best of my knowledge and belief and do agree to pay any surcharges applicable under the Company rules which are necessitated by inaccurate statements. I declare that no persons other than those listed in this application regularly operate the vehicle(s) described in this application. I declare that none of the vehicles listed in this application will be used to carry persons or property for compensation or a fee, or for retail or wholesale delivery, including, but not limited to, the pickup, transport, or delivery of magazines, newspapers, mail, or food. I understand that this policy may be cancelled if this application contains any false information or if any information that would alter the Company's exposure is omitted or misrepresented.

### Notice of information practices

I understand that to calculate an accurate price for my insurance, the Company may obtain information from third parties, such as consumer reporting agencies that provide driving, claims and credit histories. The Company may use a credit-based insurance score based on the information contained in the credit history. The Company or its affiliates may obtain new or updated information to calculate my renewal premium or service my insurance. I may access information about me and correct it if inaccurate. In some cases, the law permits the Company to disclose the information it collects without authorization. However, the Company will not share personal information with nonaffiliated companies for their marketing purposes without consent. Complete details are in the Company's Privacy Policy, which will be provided with this insurance policy and upon request.

## Affirmation and acknowledgement

I affirm that:

- If I make my initial payment by electronic funds transfer, check, draft, or other remittance, the coverage afforded under this policy is conditioned on payment to the Company by the financial institution. If the transfer, check, draft, or other remittance is not honored by the financial institution, the Company shall be deemed not to have accepted the payment and this policy shall be void.

- If I make my initial payment by credit card, the coverage afforded under this policy is conditioned on payment to the Company by the card issuer. I understand that if the Company is unable to collect my initial payment from the card issuer, the Company shall be deemed not to have accepted the payment and this policy shall be void. I also understand that if I authorize a credit card transaction for any payment other than the initial payment, this policy will be subject to cancellation for nonpayment of premium if the Company is unable to collect payment from the card issuer. The Company is deemed "unable to collect " in the following instances: (1) when I reach my credit limit on my credit card and the card issuer refuses the charge; (2) when the card issuer cancels or revokes my credit card; or (3) when the card issuer does not pay the Company, for any reason whatsoever, upon the Company's request.

- Each vehicle listed in this application is garaged at the zip code provided in this application more than 50% of the time.

This insurance and personalized service is available at this price exclusively through a Drive Insurance independent agent. Drive Insurance affiliated companies selling insurance directly have different prices and products.



### Other charges

I understand that I will be charged a $50.00 cancellation fee if I cancel this policy for any reason or the Company cancels it due to my failure to pay any premium when due. This fee is in addition to any premium the Company has earned for the coverage provided by this policy and may be deducted from any refund to which I am entitled. When I renew this policy, I understand that the Company will waive any cancellation fees that may apply to the renewal policy.



I agree to pay the installment fees shown on my billing statement that become due during the policy term and each renewal policy term in accordance with the payment plan I have selected. I understand that the amount of these fees may change upon policy renewal or if I change my payment plan.



Case ID: 090603633

06/26/2009 09:31 FAX                                    ☑ 057/067

06/25/2009 14:57 FAX  15709593013    ProgressiveCasInsCo        ☑ 060/070

06/25/2009 12:45    2158469559        DANIEL M JAFFE ESQ    PAGE  58/68

Policy number 174070780-0
BERTHA JOHNSON
Page 4 of 12

I understand that a service charge of $20.00 will be assessed to the balance due on my policy if any check offered in payment is not honored by my bank or other financial institution. Imposition of such charge shall not deem the Company to have accepted the check unconditionally.

I agree to pay a late fee of $5.00 during the policy term and each renewal policy term when either the minimum amount due is not paid or payment is postmarked more than 2 days after the premium due date. The amount of this fee may change upon policy renewal.

**Legal Notices**
You may be eligible for discounts mandated by Act 6 of 1990: i) on first party benefits coverage if your car is equipped with a passive restraint system; ii) on comprehensive coverage if your car is equipped with a passive anti-theft device; or iii) if all named insureds are 55 or older and have successfully completed a motor vehicle driver improvement course approved by PennDOT. See your agent for details.

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Signature of first named insured                    Date

X Bertha A Johnson                    10/10/07

Form 7693 PA (02/01)







Case ID: 090603633

☑ 058/067

08/26/2009 09:31 FAX

08/25/2009 14:57 FAX  15708893013        ProgressiveCasInsCo              ☑ 061/070
    06/25/2009  12:45    2155469559          DANIEL M JAFFE ESQ             PAGE  49/68

Policy number: 17407870-0
BERTHA JOHNSON
Page 5 of 17

## Pennsylvania Surcharge Disclosure Statement

In compliance with 75 Pa. C.S. Section 1793(b), we provide this surcharge disclosure plan to explain our system of driving record points. This statement provides an overview; more detailed information is available on request.

Driving record points are assigned to operators for chargeable accidents and violations. All accidents and violations occurring in the 35-month period prior to policy inception are considered in developing a driver's policy premium. If a driver is added mid-term, accidents and violations will be charged for the entire 35-month period prior to the driver being added to the policy.

Point surcharges follow the driver. To determine if the accident or violation took place in the chargeable period, we use the occurrence date instead of the conviction date. We charge for accidents and violations occurring while a driver is operating a private passenger automobile, commercial vehicle, motorcycle, or recreational vehicle.

### Accidents.

We assess a surcharge of approximately 55% for each at-fault accident charged to an operator. Accidents are chargeable if, as a result of the accident, the insurer incurs at least $1150 in losses in excess of any deductible for personal injury or damage to property, including the insured's.

Each accumulation of $1150 in aggregate losses from incidents not otherwise charged represents an at-fault accident. If the insured can demonstrate that any of the facts of loss described in 31 Pa. Code Section 67.33 (non-chargeable accidents) apply to an accident, the accident will not be charged to the operator.

### Minor violations.

We assess a surcharge of approximately 50% for the second and each subsequent conviction of routine traffic infractions like speeding or failure to yield. Most of these infractions are listed in 75 Pa. C.S. Section 1535.

### Major violations.

We assess a surcharge of approximately 75% for each conviction of a violation which suggests the presence of a materially increased risk in a motorist. Such major violations include vehicular homicide, leaving the scene of an accident involving death or injury, or fleeing a police officer.

### Driving While Intoxicated.

We assess a surcharge of approximately 25% for each Driving While Intoxicated infraction for conviction under Section 3731 (Driving under the influence of alcohol or controlled substance), notice of Section 1534 (Acceptance of Accelerated Rehabilitative Disposition), or any similar infraction.

This form supersedes Form 1996 (04/02).

Form 1996 PA (01/05)

06/26/2009 09:31 FAX                                                                    ☑ 059/067

06/25/2009 14:57 FAX   15708893018        ProgressiveCasInsCo                           ☑ 062/070
  06/25/2009 12:45     2155469559             DANIEL M JAFFE ESQ                         PAGE  60/68

Policy number: 17407078-0
BERTHA JOHNSON
Page 6 of 12

## IMPORTANT NOTICE

Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle:

(1)   Medical benefits, up to at least $100,000.

(1.1) Extraordinary medical benefits, from $100,000 to $1,100,000 which may be offered in increments of $100,000.

(2)   Income loss benefits, up to at least $2,500 per month up to a maximum benefit of at least $50,000.

(3)   Accidental death benefits, up to at least $25,000.

(4)   Funeral benefits, $2,500.

(5)   As an alternative to paragraphs (1), (2), (3), and (4), a combination benefit, up to at least $177,500 of benefits in the aggregate or benefits payable up to three years from the date of accident, whichever occurs first subject to a limit on accidental death benefit of up to $25,000 and a limit on funeral benefit of $2,500, provided that nothing contained in this subsection shall be construed to limit, reduce, modify or change the provisions of section 1715(d) (relating to availability of adequate limits).

(6)   Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also, at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.

If you have any questions or you do not understand all of the various options available to you, contact your agent or company.

If you do not understand any of the provisions contained in this notice, contact your agent or company before you sign.

Signature of First Named Insured                              Date

X Bertha A. Johnson                                           10 / 10 / 02

Form 2112 (03/03)



Case ID: 090603633

06/26/2009 09:31 FAX                                                          ☒ 060/067

08/25/2009 14:59 FAX  15709883013        ProgressiveCasInsCo                  ☒ 083/070
  06/25/2009  12:45    2159469559          DANIEL M JAFFE ESQ                  PAGE  61/68

Policy Number 17407078-0
BERTHA JOHNSON
Page 7 of 12

## NOTICE TO NAMED INSUREDS

The laws of the Commonwealth of Pennsylvania, as enacted by the General Assembly, only require that you purchase liability and first-party medical benefit coverages. Any additional coverages or coverages in excess of the limits required by law are provided only at your request as enhancements to basic coverages.

In compliance with 75 Pa. C.S. Section 1791.1(a), we inform you that the minimum motor vehicle insurance coverages and limits mandated by the Commonwealth are: Bodily Injury Liability - $15,000 for one person in any one accident/$30,000 for two or more persons in any one accident; Property Damage Liability - $5,000; and Medical Benefits - $5,000. The annual premium for these basic coverages are presented below.

A.  **"Limited Tort" Option**
The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury", as set forth in the policy or unless one of several other exceptions noted in the policy applies. The annual premium for basic coverage as required by law under this "limited tort" option is $624.00.

Additional coverages under this option are available at additional cost.

B.  **"Full Tort" Option**
The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers. The annual premium for basic coverage as required by law under this "full tort" option is $914.00.

Additional coverages under this option are available at additional cost.

C.  You may contact your insurance agent, broker or company to discuss the cost of other coverages.

D.  If you wish to choose the "limited tort" option described in paragraph A, you must sign this notice where indicated below and return it. If you do not sign and return this notice, you will be considered to have chosen the "full tort" coverage as described in paragraph B and you will be charged the "full tort" premium.

I wish to choose the "limited tort" option described in paragraph A:

Named Insured                                              Date

..............................................................................................................................

E.  If you wish to purchase the "full tort" option described in paragraph B, you may sign this notice where indicated below and return it. However, if you do not sign and return this notice, you will be considered to have chosen the "full tort" coverage as described in paragraph B and you will be charged the "full tort" premium.

I wish to choose the "full tort" option described in paragraph D:



Named Insured                                              Date

_Bertha A Johnson_ ..................................        _10 /05/07_..................

Continued

Case ID: 090603633

06/25/2009 14:59 FAX  15709883013        ProgressiveCasInsCo            ☑064/070
    06/25/2009  12:45     2155469559           DANIEL M JAFFE, ESQ            PAGE  62/68

Policy number: 1740278740
BERTHA JOHNSON
Page 9  of 12

## Collision Deductible Waiver

By signing this form, I agree to purchase physical damage collision coverage with a deductible lower than $500. I understand that the lower deductible represents greater coverage and costs more money.

I understand and agree that this election shall apply to this policy and any renewal, reinstatement, substitute, amended, altered, modified, or replacement policy with this company or any affiliated company, unless a named insured revokes this election.

**Signature of Named Insured**                          **Date**

X _Bertha A. Johnson_                                   _10 /10/07_

Form 1460 40 (/03)





Case ID: 090603633

06/26/2009 09:31 FAX                                                    ☒ 062/067

06/25/2009 14:58 FAX  15709693013      ProgressiveCasInsCo              ☒ 065/070
    06/25/2009  12:45    2155469559      DANIEL M JAFFE ESP              PAGE  63/68

## UNINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

_____
Signature of First Named Insured

_____
Date

Form 8957 ID600

Case ID: 090603633

06/26/2009 09:31 FAX                                                      ☑ 083/067

06/25/2009 14:58 FAX  15709893013        ProgressiveCasInsCo              ☑ 066/070
    06/25/2009  12:45    2155469559          DANIEL M JAFFE ESQ           PAGE  64/68

## UNDERINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

_____
Signature of First Named Insured

_____
Date  10/10/07

[Form A15A (Jan02)]

Case ID: 090603633

06/26/2009 09:31 FAX                                                    ☑064/067

06/25/2009 14:58 FAX  15708883013      ProgressiveCasInsCo              ☑067/070
  06/25/2009 12:45    2155469555         DANIEL M JAFFE ESQ             PAGE  65/68

Policy number: 17407078-0
BERTHA JOHNSON
Page 11 of 12

## Agent compensation disclosure

The insurance producer who sold you this policy is a licensed independent insurance agent authorized by Progressive Specialty Insurance Co and other insurance companies to solicit business on their behalf.  Progressive Specialty Insurance Co believes that independent agents who represent more than one company can better assist you in finding the combination of coverage, price and service that meets your needs.

Progressive Specialty Insurance Co will pay your agent a commission for placing your policy with us.  We may also help your agent pay for advertising and marketing that is designed to attract new customers.

Form 7181 (04/03)

Case ID: 090603633

06/26/2009 09:32 FAX                                                              ☑065/067

06/25/2009 14:58 FAX  15709893013       ProgressiveCasInsCo                       ☑088/070
                                         DANIEL M JAFFE ESQ                        PAGE  66/69
   06/25/2009  12:45     2155469559

deluxe

Policy number: 17407878-0
Policyholder: DENTHA JOHNSON
Policy period: Nov 13, 2007 - May 13, 2008
Page 12 of 12

## Payment schedule

| Due date | Amount |
| --- | --- |
| Dec 13, 2007 | $224.75 |
| Jan 13, 2008 | $224.75 |
| Feb 13, 2008 | $224.75 |
| Mar 13, 2008 | $224.75 |

An installment fee of $5.00 has been included in each payment. You may avoid paying installment fees by paying your premium in full. You may reduce the amount you pay in installment fees by paying your premium in larger amounts and fewer installments.

Form 2150 (01/03)

Case ID: 090603633

06/26/2009 09:32 FAX                                                          ☑066/067

06/25/2009 14:59 FAX  15708683013      ProgressiveCasInsCo                    ☑069/070
  06/25/2009  12:45    2155469559        DANIEL M JAFFE ESQ                   PAGE  57/68

Policy number: 17407878-0
BERTHA JOHNSON
Page 11 of 12

## Agent compensation disclosure

The insurance producer who sold you this policy is a licensed independent insurance agent authorized by Progressive Specialty Insurance Co and other insurance companies to solicit business on their behalf. Progressive Specialty Insurance Co believes that independent agents who represent more than one company can better assist you in finding the combination of coverage, price and service that meets your needs.

Progressive Specialty Insurance Co will pay your agent a commission for placing your policy with us. We may also help your agent pay for advertising and marketing that is designed to attract new customers.

Form 2181 (04/05)

Case ID: 090603633

_drive_

Policy number: 17407878-0
Policyholder: BERTHA JOHNSON

# As a Drive°customer, you'll get great service around the clock.

Thank you for your business! As your agent, I'm pleased to give you the convenience of a Drive® Insurance from Progressive policy. Whether it's 9 a.m. or midnight, a weekend or holiday - you'll always have options to service your policy. Here's how:

## Call us first

We offer personalized service and counsel that's tailored to your needs. Whether you need advice on coverage changes, need to add or change vehicles or drivers, get proof of insurance, discuss other insurance needs or even make a payment, call us first.

**AAA MID ATLANTIC INS**
Agent: YVONNE TAYLOR
PO BOX 6092
NEWARK, DE 19714
**Phone:** 800-492-5901
**Fax:** 800-880-9280
**E-mail:** ytaylor@aaamidatlantic.com

**Our office hours°:**
°Hours may vary.

## Log in to driveinsurance.com for convenient online service

For secure access to your policy, 24 hours a day, 7 days a week, log in to our easy-to-use online service site. You can use it to make payments, print temporary ID cards, update your policy or even find out how much it would cost to insure your dream car. To get started, go to driveinsurance.com and enter the temporary user ID and password printed below.

**Temporary user ID:** 17407878 (your policy number)
**Temporary password:** TOSS + first five digits of your Social Security number
(Example: TOSS12345)

## Convenient e-mail service

To receive billing reminders, payment confirmations, and more, visit driveinsurance.com. Then, log into "Manage Your Policy," and click on "E-mail Preferences."

## Automated Customer Service

You can call Drive's toll-free, automated Customer Service number, 800-876-5581, to make or confirm payments over the phone, order ID cards and Declarations pages, and more.

## Superior Claims Service

With a Drive policy, you have the option of using a repair facility in Progressive's network of repair shops if you're ever in an accident. **To report a claim, call 800-925-2886 and press menu option one** and a claims rep will discuss this option with you. All you have to do is schedule an appointment to drop your vehicle off at the network repair shop and we'll handle the rest. We keep you informed about your claim and the status of your repairs. And, repairs are backed by our Limited Lifetime Guarantee for as long as you own or lease your vehicle.

Form 2250 PA (10/06)

Case ID: 090603633