IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARRIE SUMMERVILLE | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No. 2:09-cv-3261 |
| | ) | |
| v. | ) | |
| | ) | |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | The Honorable R. Barclay Surrick |

**MOTION TO BIFURCATE AND STAY DISCOVERY**

Now comes the Defendant, Progressive Specialty Insurance Company ("Progressive"), by and through its attorneys, Dapper, Baldasare, Benson, Behling & Kane, P.C. and Forry Ullman, and files the following Motion to Bifurcate and Stay Discovery, averring as follows.

1. Plaintiff initiated this action against Progressive seeking to recover underinsured motorist ("UIM") benefits through a claim for breach of contract.

2. Plaintiff has also asserted a claim for insurance bad faith.

3. Bifurcation of the bad faith claim from the UIM claim and a stay of the discovery of the bad faith claim pending adjudication of the UIM claim is necessary to avoid the prejudice that would result to Progressive if Plaintiff is permitted to litigate all claims simultaneously.

4. Progressive would be prejudiced because:

    (a) The evidence regarding Plaintiff's UIM claim (that is, a tortfeasor's liability for, and an insured's damages from, a motor vehicle accident) is completely distinct from evidence regarding Plaintiff's bad faith claim (that is, whether there was a reasonable basis for Progressive's handling of Plaintiff's UIM claim and a reckless disregard of any lack thereof);

  (b)  Plaintiff will seek discovery of certain privileged, confidential, and/or otherwise protected information, which may be discoverable during the bad faith claim, but, would clearly not be discoverable in Plaintiff's UIM claim because it constitutes materials protected by the work product doctrine for that UIM claim;

  (c)  In order to protect certain privileged, confidential, and/or otherwise protected information from being discoverable during Plaintiff's UIM claim, Progressive may be effectively deprived of the opportunity to affirmatively use such materials in the defense of Plaintiff's bad faith claim which would unfairly deprive Progressive of the right to assert all affirmative defenses, such as advice of counsel; and

  (d)  Both Plaintiff's and Progressive's UIM lawyers may be witnesses in the bad faith litigation, which raises the specter of the potential for disqualification under Rules of Professional Conduct even for the UIM claim if the claims are not severed and stayed.

5. By filing this motion, Progressive does not concede that any specific privileged, confidential, and/or otherwise protected material is discoverable during the litigation of Plaintiff's UIM breach of contract claim.

6. Nor does Progressive concede that any specific privileged, confidential, and/or otherwise protected material would be discoverable in a bad faith case.

7. Rather, Progressive seeks to establish that without even considering whether specific documents are privileged for either the UIM claim or bad faith claim, judicial economy and efficiency will be advanced by bifurcation and a stay at this time.

WHEREFORE, Defendant Progressive Specialty Insurance Company respectfully requests that this Honorable Court enter an Order granting its Motion to Bifurcate and Stay Discovery.

Respectfully submitted,

DAPPER, BALDASARE, BENSON,
BEHLING & KANE, P.C.

By:   /s/ Robert E. Dapper, Jr.

Robert E. Dapper, Jr.
PA I.D. #46378
rdapper@d3bk.com

Daniel J. Twilla
PA I.D. #93797
dtwilla@d3bk.com

Four Gateway Center, 10th Floor
444 Liberty Avenue
Pittsburgh, PA  15222
(412) 456-5555

and

FORRY ULLMAN

E. Laurence Kates
PA I.D. #37059
lkates@forry ullman.com

Two Commerce Square
26th Floor
2001 Market Street  Suite 2630
Philadelphia, PA  19103

*Attorneys for Defendant, Progressive Specialty Insurance*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on August 28, 2009, a copy of the within MOTION TO BIFURCATE AND STAY DISCOVERY was filed electronically. Notice of this filing will be sent to all Parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Daniel M. Jaffe, Esquire
> 1500 Walnut Street
> Suite 1620
> Philadelphia, PA 19102
>
> *Counsel for Plaintiff*

/s/ Robert E. Dapper, Jr.
Robert E. Dapper, Jr.
Daniel J. Twilla